PINSON et al vs. THE STATE.

28  397
62  505

BAIL: *When sheriff authorized to take.*
When the court fixes the amount of bail and the sheriff upon process arrests the person charged, or he is already in custody, the sheriff is authorized to take bail.

APPEAL from *Columbia* Circuit Court.

Hon. M. D. KENT, Circuit Judge.

*G. P. Smoote* and *Dick Gantt*, for appellants.

*T. D. W. Yonley*, Attorney General, for appellee.

GREGG, J.   At the October term, 1872, of the Columbia circuit court a forfeiture was taken against the appellants and James M. Butts, upon a bond for $700, given for the appearance of Butts at the previous April term, to answer a charge of an assault with intent to kill.

At the May term, 1873, all being notified but Butts, they answered, that the bond was taken by and before Claiborne S. Barron, as sheriff of said county, and that he did not arrest Butts under a warrant or other process in which it appeared that said Butts was to be admitted to bail in a specified sum, etc.; and that said sheriff did not have Butts in custody by arresting him under a warrant or other process in which it appeared that said Butts was to be admitted to bail in a specific sum; and that at the time he was confined in the jail of said county in default of bail in the sum of one thousand dollars, required of him by the circuit court of La Fayette county, and that the bail bond is void, etc.

The state by attorney replied, the bond was taken by Barron, as such sheriff, and that he did not arrest Butts upon a warrant wherein it appeared that bail was fixed; that said Butts had been in his custody in default of bail in the sum of $1,000. But that he applied to the circuit court of Columbia county where the indictment was then pending for a reduction of bail, and that court ordered his bail reduced to $700, and by order specified and required the said Barron as such sheriff to take said bail and approve the same, which was done, etc.

The appellants moved the court to strike out said replica-

tion, which motion the court overruled and the appellants excepted. They then demurred to the replication, the court overruled their demurrer, and rendered final judgment, to which they excepted and appealed.

The state's replication under the code of practice was unnecessary. She could have gone to trial upon her allegations and the appellants' response, and shown that the one thousand dollar bond required before the change of venue had, after the change, been reduced to seven hundred dollars, and that an order by that court fixing the bail, etc., had been made, and that, in obedience to that order, the sheriff took and approved the bond, and hence was acting under process of the proper court, etc., and the replication should have been stricken out. But such error does not require a reversal, as the appellants also had the benefit of all the facts with, as without the replication.

The demurrer presents the sufficiency of the facts to maintain the action.

Butts was regularly indicted for an assault with intent to kill, and he was placed in custody of said sheriff to await trial. Upon his own application, the court in which the prosecution was pending reduced the amount of this bail and ordered the sheriff to take bail in the sum then fixed, and thereafter he took and approved of the bond in suit and discharged the accused, who failed to appear, etc.

Section 67 reads: "Admission to bail is an order from a competent court or magistrate that the defendant be discharged from actual custody on bail."

The admission to bail as it is declared in this act, was by the circuit court, and properly had in this case.

Section 78 provides that a sheriff arresting a person upon a warrant or process, etc., may take bail.

There is no question under the code that when a court fixes

the amount of bail, and the sheriff upon process arrests the person charged, he can take bail. Here the appellants say by an order of the court, the sheriff had the accused in charge and did not arrest him — did not take him in charge. They do not deny that the accused was properly indicted ; that his bail was duly ordered and the amount fixed ; that they gave the bond, and he was discharged from custody, and they may well say the order of the court fixing the bail and ordering the sheriff to take the bond, was process for such purpose. But still they say the sheriff had him in custody and did not have to take him into custody, and hence does not come within the strict letter of the statute.

This is not a criminal prosecution, but a common suit upon a bond for money, an action to enforce a civil contract between these sureties and the state. And we know of no rule requiring any greater strictness in construing this law than any other legislative act upon civil contracts, and instead of adhering to the utmost strictness as in prosecutions for high crimes, we must give the law a fair and liberal construction to carry out the provisions of the statute and enforce the contract in the spirit of the law, and as it was understood between the parties, and such construction is clearly what was intended by the legislature, as shown by section 80 of the criminal code, in which it is enacted that no " irregularity, so that it be made to appear that the defendant was legally in custody charged with a public offense, and that he was discharged therefrom by reason of the giving of the bond or recognizance, and that it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for the trial thereof, etc., shall render the bail bond or recognizance invalid."

Taking the whole act of the legislature, and applying the ordinary, rules of construction, the laws of contract and for

enforcing remedies, the appellee's case clearly comes within its provisions.

The judgment of the court below is in all things affirmed.