HAVIS *v.* STATE.

Opinion delivered June 27, 1896.

BAIL BOND—VALIDITY.—The failure of a sheriff, on approving a bail bond, to return it to the county in which the prosecution had its origin is an irregularity merely, and does not affect the substantial rights of the sureties.

SAME—AUTHORITY TO TAKE.—Where the court fixed the amount of a bail bond, and afterwards, on granting a change of venue, ordered that defendant give bond for his appearance in the court to which the venue was changed, and that the bond be approved by the sheriff, without further direction as to the amount of bail, the sheriff was authorized to approve a bail bond in the amount originally named by the court.

SAME—DISCHARGE.—It is not a valid defense to an action on a bail bond that, prior to the forfeiture, defendant was arrested, tried, and found guilty of another offense in another court, and that, after being placed in the custody of the sheriff in such case, he escaped.

Appeal from Lincoln Circuit Court, Watson District.

JOHN M. ELLIOTT, Judge.

STATEMENT BY THE COURT.

The grand jury of Jefferson county in 1891 indicted W. J. Hancock for the crime of assault with intent to kill. Thereupon the circuit judge made and signed the following indorsement upon the indictment, to-wit: "Bail will be received in this case in the sum of one thousand dollars." Hancock was arrested, and gave bond in the sum of $1,000 for his appearance, with the appellants, Ferd Havis and Alvah Collier, as his sureties. Afterwards, on 23rd of November, 1891, the venue was, upon Hancock's application, changed to the Desha circuit court for the Watson district at Dumas.

The court ordered that the defendant give bond for his appearance at the February term, 1892, of said court,

the bond to be approved by the sheriff of Jefferson county. Hancock then gave bond in the sum of $1,000 for his appearance in the court to which the venue had been changed. The appellants, Ferd Havis and Alvah Collier, who were sureties on his former bond, also became sureties on this bond, which was approved by the sheriff of Jefferson county. The sheriff did not file this bond with the clerk of the Jefferson circuit court, but he sent it by mail to the clerk of the Desha circuit court at Arkansas City. It was not copied in the transcript of the proceedings of the Jefferson circuit court made and transmitted by the clerk of said court to the clerk of the Desha circuit court at Dumas. Hancock appeared at the next term of the Desha circuit court at Dumas after the venue was changed to that court, and the case was continued. He was afterwards tried for another offense in the Lincoln circuit court, and the jury returned a verdict of guilty, and assessed his punishment at four years in the penitentiary. The Lincoln circuit court, upon the return of this verdict, placed Hancock in the custody of the sheriff, to be conveyed to the county jail, and, while being conveyed to jail, he escaped. Hancock failed to appear at subsequent terms of the Desha circuit court, and the prosecuting attorney had a rule upon the sheriff of Jefferson county to produce and file the bond executed by Hancock for his appearance in that court. The bond was discovered on file in the circuit clerk's office at Arkansas City in another district of said county. It was withdrawn and filed in the Desha circuit court at Dumas on the 6th day of February, 1894. Hancock still failing to appear, his bond was on that day declared forfeited, and the sureties were ordered to be summoned to appear and show cause why judgment should not be rendered against them on such bond. They appeared, and set up several grounds of defense against the bond, but the same were

overruled, and judgment rendered against them. The other facts appear in the opinion.

*Austin & Taylor*, for appellants.

1. The court erred in sustaining the demurrer to and striking from appellants' answer paragraphs 3, 4, 5 and 6. The third paragraph pleaded non-compliance with the statute by the clerk. Sand. & H. Dig., sec. 589. This statute, we think, is mandatory.

2. The fourth paragraph set up a good defense. The conviction of Hancock, and ordering him into the custody of the sheriff, and the *taking of him into custody* of the law, were *judicial acts*, and deprived the sureties of their right to arrest and surrender him, and hence discharged the bail. 29 Ark. 130; 40 *id.* 332; 1 Root (Conn.), 102; 1 Blackl. (Ind.), 309; 36 Barb. (N. Y.), 429.

3. The fifth set up the fact that the bond was never made a part of the record in this cause until February 6, 1894, and was never transmitted to the Desha circuit court. Sand. & H. Dig., sec. 2173. The Desha court therefore had no jurisdiction. 36 Ark. 237; 9 *id.* 469; 37 *id.* 491; 38 *id.* 221; 48 *id.* 105. The sheriff had no authority to fix the amount of the bond, to take it, approve it, or transmit it, so as to give it any validity. The court failed to fix the amount of the bond. See Sand. & H. Dig., secs. 2168–9.

4. It was error to admit in evidence the transcript from the Jefferson court, the record of the Desha court, and the alleged bail bond. While it is true that the records, etc., constitute the complaint against the bail, yet it does not follow that the transcript on change of venue and all the record entries are competent and legal evidence. The transcript was certainly incompetent because it contained a bail bond which was not for the appearance of Hancock in the Desha court, but in the Jefferson court. Among the record entries introduced

was a forfeiture taken on February 9, 1893, while the bond *was not filed* until February 6, 1894.

5. The venue in this case was not changed in accordance with sec. 2169, Sand. & H. Dig. No sum was fixed by the court, and the sheriff could not fix the amount. Sec. 2169. The bond was not filed with the clerk as part of the record. Sec. 2170, *id.* The law must be strictly complied with. The bond was not even a good common law bond. 29 N. W. 184; 2 Am. & Eng. Enc. Law, p. 5. Only such officers as are authorized to *"let to bail"* can approve or take bail. 23 Ark. 278; 35 *id.* 330. The recognizance could only be taken by the court or a judge or officer authorized by law to *let to bail.* Sand. & H. Dig., sec. 2169.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. The provisions of sec. 589, Sand. & H. Dig., are merely directory. Suth. Stat. Const., sec. 447; 1 Kas. 273; 34 Ark. 491. Acts relating to matters of procedure by public officers are directory. Endl. Int. Stat. secs. 436–7.

2. A party out on bail for one offense may be arrested and tried for another without releasing his sureties. If convicted and committed to jail for the second offense and escape, his bondsmen in the first case are still responsible for his appearance. 38 Tex. 173; 10 Tex. App. 46; 54 N. H. 156; 32 Ill. 28; 3 B. Mon. 346; 35 Ark. 532.

3. The change of venue could have been taken without a recognizance or new bond, the statute being directory merely. Sand. & H. Dig., sec. 2168. A total failure to take bond would not affect the jurisdiction on change of venue. 53 Ark. 67. The transcript was under seal. The court *fixed* the amount of bond; the sheriff merely approved or accepted the surety. The mere failure of the sheriff to file the bond with the clerk

of Jefferson county, so the clerk could copy it in the transcript, invalidated nothing. Sand. & H., Dig., secs. 2169; 53 Ark. 67; Endlich, Int. Stat., 436-7; 23 Am. & Eng. Enc. Law, p. 458; 28 Ark. 397; Sand. & H. Dig., sec. 2016, 2017; 28 Ark. 480.

4. The records and proceedings constitute the complaint, so the transcript on change of venue was competent. 51 Ark. 186.

5. The court fixed the amount of bond, and ordered the sheriff to take bail. This fully empowered him to do so. 28 Ark. 397; 28 *id.* 480; Sand. & H. Dig., sec. 2016.

RIDDICK, J., (after stating the facts). This is an appeal by the sureties upon a forfeited bail bond from a judgment rendered against them upon such bond. Several reasons are urged by counsel why such judgment should be reversed, but we are of opinion that none of them are tenable.

Validity of bail bonds.

The statutes of this state concerning bail bonds evince an unmistakable intention on the part of the legislature to dispense with all merely technical defenses by the obligors in such bonds, and to compel the courts to consider only those defenses that affect the substantial rights of the parties. Sand. & H. Dig., sec. 2017.

This bond is in the usual form. It appears from it that Hancock was in custody, charged with the offense of an assault with intent to kill, and that the bail undertook that he should appear in the circuit court of the Watson district of Desha county to answer said charge, and that he should at all times render himself amenable to the orders of said court in the prosecution of said charge, and in default thereof that the bail should pay the State of Arkansas one thousand dollars. This being so, we hold that the act of the sheriff in sending said bond direct to the clerk of the Desha circuit court instead of filing the same with the clerk of the Jefferson circuit

court, that it might be copied in the transcript, was an irregularity merely, and would not justify us in reversing the judgment upon the bond, for it did not in any way affect the substantial rights of appellants. The order for a change of venue and the filing of the transcript in the Desha circuit court at Dumas gave that court jurisdiction to try the charge against Hancock, notwithstanding the bond was omitted from the transcript. *Beasley* v. *State*, 53 Ark. 67. As the court had jurisdiction to try the charge against Hancock, and as he had given bond to appear in that court, it follows that, upon his failure to appear, the court had jurisdiction to declare the bond forfeited, and to try the action upon the forfeited bail bond, for the statute provides that such action shall be in the court in which the defendant was required to appear for trial. Sand. & H. Dig., sec. 2033.

It is also said that the sheriff had no authority to take the bond. The court had previously fixed the amount of bail by an indorsement upon the indictment that bail be received in the sum of one thousand dollars. When the change of venue was granted, it was ordered that the defendant give bond for his appearance in the court to which the venue was changed, and that the bond be approved by the sheriff. As no further order was made changing the amount of bail, the sheriff was bound by the order fixing the bail at one thousand dollars. The admission to bail and the amount of the same were determined by the court, and the only act of the sheriff was the approval of the bond, which was done in obedience to the order of the court. Under these circumstances, the sheriff had the right to take the bail. Sand. & H. Dig., secs. 2014, 2015 and 2016; *Pinson* v. *State*, 28 Ark. 397.

Neither was it a valid defense to this action to show that Hancock, prior to the forfeiture, had been

Authority to take bail.

When bail bond not discharged.

arrested, tried, and found guilty of another offense in another court, and that, after being placed in the custody of the sheriff, he had escaped. He was not in custody at the time the bond was declared forfeited, and the performance of the condition of the bond was not made impossible by this act of the state in arresting him for another offense. The appellants executed this bond with knowledge that the principal might commit another offense, and be ordered into custody for such offense. The fact that he was placed in the custody of the sheriff, and so remained a short time, did not deprive them of the right to surrender him in discharge of their liability on such bond, for, even had he remained in custody, they could still have surrendered him by a proper proceeding. We do not say that in such a case it would have been no defense to show that he was in custody at the time the bail was declared forfeited. What we hold is that the fact that he was taken in custody for a short time on a different charge does not, of itself, operate to discharge the bail, when it is shown that he was at large at the time the forfeiture was taken. If the law was different, a person under a heavy bond on a charge of murder, or other felony, might go into another county or circuit and purposely commit some misdemeanor, in order that his subsequent arrest might discharge the sureties on his former bond. If the officers having him in custody for the second offense were ignorant of the first arrest and bail, they would, so soon as he paid his fine, or served a term in jail, allow him to go at large, and, if the effect of this second arrest and imprisonment discharged the sureties on his first bail bond, he might by this way escape punishment for the first offense. For these reasons, we conclude that a person who is on bail for one offense may be arrested for another offense without discharging his bail. If he be committed to jail for the second offense, and escape, his

bondsmen may, in a case such as this, still be held liable, if they fail to comply with the conditions of their bond.    *Wheeler* v. *State*, 38 Tex. 173; *West* v. *Colquitt*, 71 Ga. 559; S. C. 51 Am. Rep. 277; *State* v. *Merrihew*, 47 Iowa 112; S. C. 29 Am. Rep. 464; *Brown* v. *People*, 26 Ill. 28; *Mix* v. *People*, *Ib*. 32; 2 Am. & Eng. Enc. Law 26, and cases cited.

There were other objections to the rulings of the circuit court urged by counsel, but we are of opinion that no error affecting the substantial rights of appellants is shown.    The judgment is therefore affirmed.