### DUNLAP *v.* STATE.

### Opinion delivered January 14, 1899.

1. BAIL—AUTHORITY TO TAKE.—A recital in a bail bond that the prisoner was admitted to bail in a designated sum, not being disproved, shows authority in the sheriff to take it and discharge the prisoner from custody, without any special authorization by the court. (Page, 109.)

2. SAME—LIABILITY OF BAIL.—The fact that the prisoner for whose appearance a bail bond was given was in custody under other warrants at the time the bail bond was executed and afterwards until he effected his escape from the officers does not discharge his bail from liability, if he was not in custody at the time when his bail was bound for his appearance. (Page 109.)

3. SAME—CONSIDERATION.—A bail bond given to effect a prisoner's discharge from custody for a specified offense is not without consideration by reason of the fact that the prisoner, at the time it was executed, was under arrest for another offense for which he was held until he made his escape. (Page 109.)

This is a suit brought on a forfeited bail bond. Defendant, Dunlap, in his answer sets up two defenses. In the first paragraph he states that C. F. Aycock, who was treasurer of Boone county, was indicted five times during the January term, 1895, of the Boone circuit court; that during the term a warrant was issued for his arrest in one case; that he was brought into court on said warrant during said term, and the court ordered him to enter into recognizance in open court; that he failed to do so, but during said term, without an order of the court, the sheriff of said county took the bond in issue

with appellant herein as security. In the second paragraph, he admits the execution of the bond in question, but claims that the said C. F. Aycock never did receive his liberty under the same, but that, being in the custody of the officer, charged with other offenses, he made his escape before he was released on the bond in issue, and claims that there was no consideration for the execution of said bond.

The case was tried before the court upon the bond and the agreed statement of facts, which agreed statement of facts, so far as is material, is as follows:

"It is agreed that at the January term, 1895, of the Boone circuit court, C. F. Aycock was indicted in five cases, numbered 79, 80, 81, 82 and 83; that on the 2d day of February, 1895, the court made an order to take bail in No. 79, then pending, it being one of the five mentioned; that on the first day of said month and year, bench warrants were issued in all five of said cases; that on the 11th day of February, 1895, the sheriff of said Boone county, Arkansas, took bond in three cases, to-wit: The said Nos. 79, 80 and 81, then pending against the said C. F. Aycock—the defendant, David Dunlap, executing said bonds; that on the 6th day of February, 1895, the Boone circuit court made orders requiring the said C. F. Aycock to enter into recognizance in open court, fixing the amount of bail in cases Nos. 80 and 81; that on the 12th day of February, 1895, the court made orders authorizing the sheriff to take bail in 80 and 81 mentioned; that the bond in issue in Nos. 9 and 10 on law docket of this court were executed by the defendant, David Dunlap, before the sheriff was authorized by the court to take them, and that at the time they were taken the circuit court of Boone county, Arkansas, was in session; that at the time of executing the three bonds in question the said C. F. Aycock was in the custody of the deputy sheriff; that they were executed about 20 miles from the town of Harrison, in Boone county, Arkansas, and he was thereupon brought back to Harrison by the deputy sheriff; that Aycock was under arrest in two more cases at the time of the execution of the three bonds, and had been for some time; that, after the execution of said three bonds, C. F. Aycock

was granted more liberty than he otherwise would have been if he had not given bail in the said three cases, but was at all times after the execution of said bonds considered by the sheriff and his deputies as being in their custody and subject to their control, for the reason that he had not given bail in the other two cases against him; * * * that * * * C. F. Aycock made his escape, and has not been re-arrested. That the bonds executed in cases 79, 80 and 81, aforesaid, are the bonds in issue in the three cases on the law docket of this court, numbered 8, 9 and 10 as aforesaid." The bail bond in suit was conditioned as follows:

"C. F. Aycock, being in custody and charged with the offense of embezzlement, and being admitted to bail in the sum of one thousand dollars, now we, David Dunlap, of Boone county, Arkansas, undertake that the said C. F. Aycock will appear in the Boone circuit court on the first day of its next July term, which will be on the 15th day of July, 1895, to answer said charge, and will at all times render himself amenable to the order and process of said court in the prosecution of said charge, and, if convicted, will render himself in execution thereof; and if he fail to perform either of these conditions, we will pay the state of Arkansas the sum of one thousand dollars.

"This 11th day of February, 1885.

[Signed]                                      "C. F. AYCOCK,
                                               "DAVID DUNLAP.

"Approved:
    "D. A. EOFF, Sheriff,
    "J. M. WAITS, Witness."

The court made its finding of facts as follows:

"The court finds the facts to be that the defendant, C. F. Aycock, had been indicted and arrested on the charge of embezzlement, and that the court had fixed his bail at one thousand dollars, [that] the defendant, Aycock, executed a bond in said sum with David Dunlap as his security, which bond was duly delivered to said sheriff, and was fully satisfactory to said sheriff, and that the defendant, Aycock, was no longer held in custody under said charge, but was given his liberty, so far as said charge was concerned, but that the said sheriff had the de-

fendant, Aycock, in custody under other charges, and that he, the said sheriff, never at any time discharged the said Aycock in these other two cases in which he had not given bond, that said Aycock escaped custody in the cases in which he failed to give bond, and never appeared in court in the case in which he had given bond according to the tenor and terms thereof, and that a forfeiture was duly taken on said bond after it was given and at the time by the terms of which defendant, Aycock, was to make good his appearance in the Boone circuit court, and that said David Dunlap, surety on said bond, had been duly summoned to show why final judgment should not be rendered against him on said bond as required by law, and that the defendant, David Dunlap, is justly indebted to the plaintiff, the State of Arkansas, in the sum of one thousand dollars."

The court rendered judgment against defendant, from which he has appealed.

Appeal from Boone Circuit Court.

BRICE B. HUDGINS, Judge.

*DeRoos Bailey*, for appellant.

The sheriff had no authority to take the bond. The order of the court was that the defendant "enter into recognizance in open court," and this did not authorize the sheriff to take the bond. 28 Ark. 397; *ib.* 682; 31 Ark. 53; 5 Tex. 270; 17 Ill. 563; 34 Kas. 151; 37 Kas. 437; 6 Tex. App. 316. The fact that the prisoner was in custody at the time of his escape releases his sureties. Since the prisoner was never released at all, there was no consideration for the bond. 10 Wend. 435; 51 Ga. 158; 11 Bush, (Ky.) 38; 48 Ia. 343; 58 Ga. 314; 4 Blackst. Comm. 296; 2. Bish. Cr. Proc. § 248.

*E. B. Kinsworthy*, Attorney General, and *Jas. H. Stevenson*, for appellee.

The bond recites the admission to bail of Aycock, and the surety can not deny it. 45 Ark. 59; 60 Ark. 212–13. The statute, and not the court, *authorizes* the sheriff to accept bail. Sand. & H. Dig. § 2015. Bail bonds are liberally construed. *Ib.* § 2017; 28 Ark. 397. The fact that Aycock was in the

custody of the law at the time of his escape does not discharge his sureties. The consideration of the bond was complete if Aycock was no longer held by virtue of the charges to answer which he had given bond; and the state had a right to re-arrest him on any other charge or to detain him (without even actually re-accusing him) on any other charge. 71 Ga. 559; 62 Ark. 501, 505–6; 38 Tex. 173; 10 Tex. App. 46, 59.

BATTLE, J. Appellant contends that the judgment rendered against him should be reversed for the following reasons:

*First.* Because the bail bond upon which this action is based was executed before the sheriff had authority to accept it.

*Second.* Because Aycock, the person for whom he became bail by the execution of said bond, was in custody at the time of his escape.

*Third.* Because there was no consideration for the bond, Aycock never having been discharged from the custody of the sheriff.

We will consider these contentions in the order named.

*First.* The recitals in the bond show that C. F. Aycock, the person for whom appellant became bail, was "admitted to bail in the sum of one thousand dollars," which the appellant in his answer admitted, and the court so found, in this action. The agreed statement of facts does not show anything to the contrary. When the amount of the bail was fixed, it was lawful for the sheriff to take it and discharge the prisoner from custody for the charge mentioned or referred to in the bond of the bail, without any authorization for that purpose by the court. The statute authorized him to do so. Sand. & H. Dig. §§ 2014, 2015.

*Second.* The fact that Aycock was in custody at the time of his escape did not discharge his bail from his liability on the bond sued on. He was not in custody at the time his bail was bound for his appearance. The fact that he had been was no obstacle in the way of his appearance at a time subsequent thereto in the discharge of the obligation of his bail. *Havis* v. *State*, 62 Ark. 500; *Stafford* v. *State*, 10 Tex. App. 46.

*Third.* The consideration of the bond of the bail was the discharge of Aycock from custody for the offense for which he

had given bail to answer. It does not appear that he was ever held in custody for the same offense after the bond of his bail had been accepted and approved by the sheriff. He stood discharged from custody for said offense at the time of his escape, but he was under arrest for another and distinct offense. His bail executed the bond for his appearance with the understanding implied by law that he could be arrested for any other offense. There was no failure of the consideration of the bond, or the condition upon which the bail executed it. If he was at any time unwilling for it to remain in force, he had the right to surrender Aycock, his principal, though in custody, and discharge himself from his obligation as bail. See cases cited above.

Let the judgment be affirmed.