Syllabus.

# Staunton.

## Charles H. Collins v. Commonwealth.

September 23, 1926.

1. Bail and Recognizance—*Forfeiture of Recognizance—Defense that the Court was Without Authority and Jurisdiction to Accept Bail—Estoppel of Obligor—Case at Bar.*—In the instant case, a proceeding by *scire facias* to enforce a recognizance, defendant, the obligor, moved to quash and dismiss the *scire facias* upon the ground that the court was without authority to accept bail for his principal at a time subsequent to his conviction when no appeal from the judgment had been taken or requested. It appeared that the principal was convicted on December 15, 1924, and his punishment fixed at thirty days in jail; and that on motion of accused the court postponed execution of the sentence until January 2, 1925, so that the accused would not be confined in jail during the Christmas holidays. With this information in hand, defendant appeared in open court and upon condition that his principal would abide the judgment of the court, acknowledged himself indebted to the Commonwealth in the sum of $500.00.

    *Held:* That defendant was estopped from raising the question of the authority of the court to postpone the execution of the sentence.

2. Bail and Recognizance—*Enforcement of Recognizance—Civil Proceeding.*—While the taking of a recognizance grows out of a matter criminal in its nature the execution of the bond and the effort of the Commonwealth to collect a debt due by reason of the forfeiture of the recognizance is a matter purely civil.

3. Bail and Recognizance—*Suspension of Execution of Sentence—Authority of Court—Case at Bar.*—In the instant case, a proceeding to enforce a recognizance, the obligor demurred to the proceeding on the ground that the court, after the conviction of his principal, had no authority to postpone the execution of sentence and admit the principal to bail where no appeal was pending or asked for. The execution of sentence was postponed at request of accused so that he would not be confined in jail during the Christmas holidays. While the Supreme Court of Appeals did not deem it necessary to pass upon the question of authority of the court to postpone in view of its conclusion that the obligor was estopped from raising the same, there is authority for the position that the court has such power.

4.  Bail and Recognizance—*Exoneration of Bail—Subsequent Arrest of Accused—Escape of Accused—Case at Bar.*—In the instant case, a proceeding by *scire facias* to enforce a recognizance, defendant's principal was convicted on December 15th and sentenced to thirty days in jail and a fine of $50.00. At the principal's request execution of the sentence was postponed until January 2nd, so that he would not be confined in jail during the Christmas holidays. Thereupon, the principal was admitted to bail with the defendant as his surety. The principal was allowed four or five days to pay the fine and costs. This agreement he did not keep and on the 22nd day of December he was arrested and placed in jail from which he escaped on December 29th and failed to fulfill the condition of the bond by beginning the service of his sentence on January 2nd.

*Held* That the subsequent arrest of the principal did not discharge the surety.

5.  Bail and Recognizance—*Exoneration of Bail—Principal in Custody.*—Where a principal is in custody on the day he is to appear in obedience to his recognizance, this fact is a good defence against the forfeiture of the recognizance; but where the principal is taken into custody on a different offense, this fact of itself does not discharge the surety, when it is made to appear that the principal is at large when the recognizance is forfeited.

Error to a judgment of the Corporation Court of the city of Radford, in a proceeding by *scire facias* to enforce a recognizance. Judgment for Commonwealth. The obligor assigns error.

*Affirmed.*

The opinion states the case.

*Jordan, Roop, Sowder & Dalton,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the defendant in error.

Campbell, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Corporation Court of the city of Radford. The case presented by the record is as follows:

On December 15, 1924, Harry Gibson was convicted of a violation· of the prohibition law and his punishment fixed at thirty days confinement in jail and a fine of fifty dollars. On motion of the accused, the court postponed the execution of the sentence until January 2, 1925, so that the accused would not be incarcerated in jail during the Christmas holidays. The accused was thereupon admitted to bail in the penalty of $500.00 with the plaintiff in error, Charles Collins, as his surety.

The order of conviction recites that the accused should commence to serve his jail sentence on January 2, 1925. It then reads: "Thereupon the accused, together with Charles Collins as his surety, appeared in open court and acknowledged themselves jointly and severally indebted to the Commonwealth of Virginia in the sum of $500.00 * * ;" the condition of the bond being that Gibson should surrender himself to the sergeant of the city on or before 10 o'clock A. M. of January 2, 1925, to begin serving the jail sentence.

From an agreed statement of facts it appears that Gibson was to be allowed four or five days from December 15, 1924, in which to pay the fine and costs. This agreement he did not keep and on the 20th day of December a *capias pro fine* was issued on the motion of the attorney for the Commonwealth for the fine and costs.

On December 22nd Gibson was arrested and placed in jail. On the night of December 29th, 1924, he escaped from jail and failed to fulfill the conditions of his bond by beginning the service of the jail sentence on January the second. Thereupon, on January 12, 1925, the corporation court forfeited the recognizance and ordered the issuance of a *scire facias* against Gibson and plaintiff in error, summoning them to appear on the first day of the February, 1925, term of court to show

cause why execution should not be issued against them upon the recognizance.

At the February term of court Collins appeared and made a motion to quash and dismiss the *scire facias*. This motion was continued until the March term. Thereupon Collins appeared and demurred to the *scire facias* on the ground "that the court was without authority and jurisdiction to accept bail for the appearance and surrender of the defendant, Harry Gibson, at a time subsequent to his conviction; when no appeal from the judgment had been taken or requested."

In an answer filed, plaintiff in error set up the defense that on December 22, 1924, Gibson had been seized by the sergeant under a *capias pro fine* and placed in jail, thereby taking him from the control and custody of plaintiff in error, which action of the sergeant effected a release of his suretyship on the bond.

The demurrer was overruled and the relief prayed for in the answer was denied.

[1, 2, 3] The demurrer seeks relief upon a ground purely technical. While the taking of the recognizance grew out of a matter criminal in its nature, the execution of the bond and the effort of the Commonwealth to collect a debt due by reason of the forfeiture of the recognizance is a matter purely civil. It was upon the motion of Gibson that the execution of the sentence was postponed. With this information in hand Collins appeared in open court and upon condition that Gibson would abide the judgment of the court acknowledged himself indebted to the Commonwealth in the sum of $500.00. By this action he is estopped from raising the question of the authority of the court to postpone the execution of the sentence imposed.

Such technical obstacles as the one relied on will not be permitted to obstruct the due and orderly course of

right and justice.   While we do not deem it necessary to pass upon the question of the authority of the court to postpone sentence in view of our conclusion that the plaintiff in error is estopped from raising the same, there is authority for the position that the court has such power.   See *Fults* v. *The State*, 2 Sneed (Tenn.) 232; *State* v. *Frink*, 1 Bay's (S. C.) 168; *Allen* v. *The State*, M. & Y. 297.

[4] We come now to a consideration of the action of the trial court in holding that the subsequent arrest of the accused on a *capias pro fine* did not discharge the surety.

It is to be observed that, in addition to confinement in jail for a period of thirty days, the principal in the bond was assessed with a fine of $500.00.   Upon the failure of Gibson to pay the fine and costs within the time agreed upon, the clerk issued a *fieri facias* for the same and on the same day issued a *capias pro fine*.   Accordingly, Gibson was arrested and placed in jail on the 22nd day of December and escaped therefrom on the 29th day of December.   To sustain the contention of the plaintiff in error that the arrest of the principal discharged the surety, the following cases are relied upon: *Caldwell* v. *Commonwealth*, 55 Va. 698; *Bowling* v. *Commonwealth*, 123 Va. 340, 96 S. E. 739; *Miller* v. *State*, 158 Ala. 73, 48 So. 360, 20 L. R. A. (N. S.) 861; *Commonwealth* v. *Skaggs*, 152 Ky. 268, 153 S. W. 422, 44 L. R. A. 1064; *State* v. *Funk*, 20 N. D. 145, 127 N. W. 722, 30 L. R. A. (N. S.) 211, Am. Cas. 1912C, 743.

The doctrine announced, generally, in these cases, is stated in the *Bowling Case, supra*, as follows: "Stated generally, the rule is well established that bail will be exonerated from liability where the performance of the conditions of the recognizance are rendered impossible by (1) the act of God, (2) the act of the law, or (3) the act of the obligee."

In the cases cited the principal had either been arrested for a subsequent offense or had been arrested for the purpose of beginning the service of the prison sentence imposed.

In the instant case the principal was arrested for the nonpayment of the fine. In order to enjoy the immunity granted him until January 2nd all he had to do was to pay the fine and costs. If Gibson had paid the fine and costs, after the issuance of the *capias pro fine* but before his arrest, he could not have been lawfully arrested; and if, after the arrest, he had paid same he would have been entitled to immediate release as he was not to begin the service of the jail sentence, under the terms of his bond, until January the second.

Under the law, section 4982 of the Code, the surety had the privilege of surrendering the principal at any time. This privilege he did not exercise. When the principal escaped from jail, he was no longer in the custody of the law; he was at large, and there was nothing to prevent his appearing on January the second, nor was the surety deprived of the privilege of recapturing and surrendering him.

The case of *State* v. *Crosby*, 114 Ala. 11, 20 So. 110, is analogous to the instant case. In that case the principal was bailed for one offense, and subsequently imprisioned under a charge for another offense and escaped and was at large when the recognizance was forfeited. It was there contended that the subsequent arrest had discharged the surety. In holding this position untenable the court said:

"As a rule sureties on a bail bond can only be discharged from liability by the performace of the conditions of the recognizance entered into by them, unless that becomes impossible by the act of God, or of the law, or of the obligee. (2 Am. & Eng. Ency. of Law (2nd ed.) 717.)

"When a party is out on bail for one offense, it cannot be allowed that he cannot be arrested by the State for another crime, for the reason that he is in the custody of his bail on the other criminal charge. Such subsequent arrest and imprisonment thereunder is no discharge of his bail. The writ of *habeas corpus* to bring the prisoner up for trial or to be surrendered up in discharge of the bail, furnishes an adequate remedy. (*Ingram* v. *The State*, 27 Ala. 17.)

"Besides the fact that defendant was in jail, as the result of his having been found guilty of murder in the other case against him, offered no obstacles to the sureties to surrender him at any time before he made his escape. And, at the term of the court at which he should have appeared to answer to the other offense, but failed, and a forfeiture was sought therefor against his bail, he was not in the custody of the State—he had escaped from jail, was at large, and there was nothing to prevent his appearing in accordance with the terms of his bond, nor were his sureties deprived by the State of the privilege of recapturing and surrendering him. In contemplation of law the moment he escaped he ran right into the custody of his bail, and they were charged with the responsibility of keeping and producing him at the trial. It is not necessary to presume that they aided him to escape, to discharge their obligation; but if they did not, they present no better excuse for discharge from liability than if they had done so. Their excuse, as made, we are unable to approve. Authorities *supra; Allee* v. *The State*, 28 Tex. App. 531, 13 S. W. 991; *Wheeler* v. *The State*, 38 Tex. 173; *Tedford* v. *The State*, 67 Miss. 363, 7 So. 352; *State* v. *McAllister*, 54 N. H. 156; *Bishop & Randolph* v. *The State*, 16 Ohio St. 419."

To the same effect is *Havis* v. *State*, 62 Ark. 500, 37 S. W. 957.

[5] We do not mean to hold that where a principal is in custody on the day he is to appear in obedience to his recognizance that this fact would not be a good defense against a forfeiture of the recognizance. What we do hold is that even though he has been taken into custody on a different offense, this fact of itself does not discharge the surety, when it is made to appear that the principal is at large when the recognizance is forfeited.

The language employed in *Stafford* v. *State*, 10 Tex. App. 46, is applicable here: "In this case it is not possible to perceive in what manner the State contributed to the failure to attend by the principal. At the time of the forfeiture their principal was at large with perfect freedom to attend and answer the charge, as he was required by his bond."

For these reasons we are of the opinion that the judgment should be affirmed.

*Affirmed.*