PEOPLE v GLUMB

APPEAL OF UNITED BONDING INSURANCE COMPANY

1. BAIL—BOND—FAILURE OF DEFENDANT TO APPEAR.

A surety is bound to make good on a bond when the bailed accused fails to appear in court.

2. BAIL—BOND—FAILURE OF DEFENDANT TO APPEAR—ESCAPE.

The escape of a bailed defendant from custody on another charge and subsequent nonappearance on the charge for which bail was given neither excuses production of the defendant nor prevents the forfeiture of bond.

3. BAIL—BOND—FORFEITURE—ABUSE OF DISCRETION.

The trial court did not abuse its discretion in refusing to reinstate and cancel a forfeited bond where the surety, after subsequent arrests of the bailed defendant, did not attempt to relieve itself of its obligation by delivering the accused to a jail in the county from which he was bailed, according to statute (MCLA 765.26).

Appeal from Oakland, James S. Thorburn, J. Submitted Division 1 June 7, 1972, at Detroit. (Docket No. 12327.) Decided July 25, 1972. Leave to appeal denied, 388 Mich 784.

Complaint by the people of the State of Michigan against United Bonding Insurance Company for the amount of bond posted for Christopher T. Glumb upon failure of Glumb to appear in court for trial. Bond forfeited and judgment entered against the surety. The surety appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Bail and Recognizance §§ 96, 99.

[2] Liability of bail as affected by escape of principal during his detention on separate charge, 45 ALR 1037.

[3] 8 Am Jur 2d, Bail and Recognizance §§ 130, 165, 166.

*Derengoski,* Solicitor General, *Thomas G. Plunk-ett,* Prosecuting Attorney, and *William G. Wol-fram,* Assistant Prosecuting Attorney, for the people.

*Norman L. Zemke, P. C.,* for surety.

Before: HOLBROOK, P. J., and McGREGOR and BORRADAILE,* JJ.

McGREGOR, J. United Bonding Insurance Company, appellant, appeals as of right from the entry of judgment forfeiting its criminal bail bond provided for defendant Glumb, in the amount of $20,000. MCLA 765.28; MSA 28.915.

Early in 1968, Glumb was charged in Oakland County with breaking and entering. On April 10, 1968, Glumb caused to be filed a $20,000 bond, issued by United Bonding Insurance Company, resulting in his release pending trial.

In October, 1969, in Lenawee County, Glumb was tried on another matter, which resulted in a mistrial. The bond in Lenawee County, which had been furnished, was increased from $25,000 to $40,000; Glumb could not meet the increased amount and was incarcerated in the Lenawee County jail. On March 15, 1970, Glumb escaped from the Lenawee County jail, before he could be retried.

On May 18, 1970, the date set for trial in Oakland County, Glumb failed to appear; a bench warrant was issued, and defendant's bond was forfeited on October 13, 1970.

A show-cause hearing was ordered on the bond forfeiture in Oakland County Circuit Court on February 24, 1971. After several adjournments

---

* Probate judge, sitting on the Court of Appeals by assignment.

and before judgment on the bond was ordered, Glumb was captured in Texas on April 12, 1971, and returned to the Wayne County jail, from which he escaped on June 26, 1971. He was still at large on July 7, 1971,[1] when judgment was granted against the surety appellant in the full amount of the $20,000 forfeited bond.

On appeal, this Court must discern whether or not Glumb's escape from custody relieves the bonding insurance company of its liability for defendant's subsequent failure to appear in court.

The appellant bonding company contends that it was exonerated from liability on its bond when defendant Glumb was subsequently arrested and confined for a period of several months on another charge. Under Michigan law, it is clear that a surety is bound to make good on a bond when the bailed accused fails to appear in court. *People v Havey,* 382 Mich 58 (1969). It is equally clear that there are certain justifications excusing a surety when the bailed accused fails to appear—usually defined as an "act of God", "an act of the law", "the act of the obligee", or "an act of the public enemy".

By way of dictum, the Michigan Supreme Court has stated that the arrest and continued detention of the bailed accused on another charge, which makes his production impossible for the surety, discharges the surety. *People v Robb,* 98 Mich 397 (1894); *People v McCracken,* 11 Mich App 553 (1968). However, the precise issue of the surety's liability as affected by the bailed accused's escape from custody has never been previously decided in this state.

We are inclined to adopt the majority rule,

[1] On November 21, 1971, Glumb was again arrested in Cincinnati, Ohio, on a Federal fugitive warrant!

which holds that the escape and subsequent non-appearance of the accused will neither excuse the production of the principal nor prevent the forfeiture of bond. *State v Crosby,* 114 Ala 11; 22 So 110 (1897); *State v Esdale,* 253 Ala 550; 45 So 2d 865 (1950); *Havis v State,* 62 Ark 500; 37 SW 957 (1896); *Dunlap v State,* 66 Ark 105; 49 SW 349 (1899); *Los Angeles County v Maga,* 97 Cal App 688; 276 P 352 (1929); *Vatcher v Egas,* 100 Cal App 99; 279 P 1029 (1929); *People v Jaramillo,* 163 Colo 39; 428 P2d 67 (1967); *Combs v Commonwealth,* 103 Ky 385; 45 SW 359 (1898); *McDonald v Commonwealth,* 213 Ky 570; 281 SW 538, 45 ALR 1034 (1926); *State v Frith,* 14 La 191 (1839); *State v McAllister,* 54 NH 156 (1873); *Wheeler v State,* 38 Tex 173 (1873); *Stafford v State,* 10 Tex App 46 (1881); *Collins v Commonwealth,* 145 Va 468; 134 SE 688 (1926). See also 4 ALR2d 440, Bail, Discharge of Sureties, § 9, p 455.

The bonding insurance company contends on appeal that the trial court abused its discretion by denying the motion to reinstate and cancel the forfeited bond. As the people properly point out, MCLA 765.26; MSA 28.913 provides the procedure whereby a surety that deems itself insecure may be relieved of its obligation. The statute provides that the surety deliver the accused to a jail in the county from which the accused is bailed. Such delivery may be accomplished either by the surety itself or with the assistance of any peace officer. At no time during the period when appellant had notice that defendant was in the custody of the Lenawee County or Wayne County authorities did it ever seek to take advantage of the provisions of this statute. As such, the inaction by appellant for a period of three years must be viewed as a continuing assurance on its part that defendant

would appear. Not having taken advantage of these opportunities, the denial of the late motion to reinstate and cancel was not an abuse of discretion.

Defendant's other contentions are without merit.

The judgment of the trial court is affirmed.

All concurred.