208 Mich. App. 369 (1995)
529 N.W.2d 312
In re FORFEITURE OF SURETY BOND (PEOPLE v. MEADOWS)
Docket No. 155280.
Michigan Court of Appeals.
Submitted July 6, 1994, at Grand Rapids.
Decided January 17, 1995, at 9:50 A.M.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and Mark A. Gates, Prosecuting Attorney, for the people.
Brisbois & Brisbois (by James A. Brisbois, Jr.), for Bond Bonding Agency.
Before: HOLBROOK, JR., P.J., and MURPHY and J.C. KINGSLEY,[*] JJ.
HOLBROOK, JR., P.J.
Defendant was charged by the Gratiot County Prosecutor with two felony counts and released on February 14, 1992, after posting a $5,000 surety bond furnished by Bond Bonding Agency. On February 24, defendant pleaded guilty to one felony count, and bond was continued pending sentencing. Defendant failed to appear on May 11, 1992, and a bench warrant was *371 issued. The court entered an order forfeiting the surety bond and directing Bond Bonding to surrender defendant to the county sheriff immediately, or appear before the court on June 29, 1992, at 10:30 A.M., to show cause why a judgment should not enter against it for the full amount of the bond. Notice of the order was delivered to Bond Bonding on May 18, 1992, by certified mail. Bond Bonding apparently made two unsuccessful attempts to persuade defendant to surrender to the sheriff.
On June 4, 1992, defendant was arrested in another county on a separate charge. A hold was placed on defendant and he was subsequently transported to Gratiot County where he appeared before the circuit court on June 8. At that time, defendant was sentenced for his earlier plea to serve thirty days in jail, with credit for fifteen days already served. On June 29, 1992, a show cause hearing was held at which Bond Bonding did not appear. On July 20, 1992, the circuit court ordered Bond Bonding to forfeit $5,000 immediately to the Gratiot County Clerk. Bond Bonding appeals as of right, and we affirm.
A surety bond is a contract between the government, a principal, and a surety whereby the surety promises that if the principal defaults, the surety will pay the judgment on the bond. People v Johnson, 72 Mich App 702, 707-708; 250 NW2d 508 (1976). Where a principal defaults by failing to appear, a surety is authorized to arrest and deliver the principal to the jail or to the county sheriff, with or without the assistance of a police officer. MCL 765.26; MSA 28.913. Here, Bond Bonding asserts that it "contacted" and "informed" defendant on May 20 and June 2, 1992, that he should surrender to Gratiot County officials immediately. Defendant failed to do so, but ultimately was *372 arrested in another county on June 4, 1992, apparently without the aid of Bond Bonding.
In People v Glumb, 42 Mich App 166, 169-170; 201 NW2d 282 (1972), the principal-defendant escaped from jail in Lenawee County and failed to appear for trial on a separate charge in Oakland County, resulting in his bond being forfeited. The principal was eventually captured in Texas and returned to jail in Wayne County, where he escaped again. Thereafter, while the principal remained at large, a judgment was entered against his surety for the full amount of his bond. Adopting the majority rule that "the escape and subsequent nonappearance of the accused will neither excuse the production of the principal nor prevent the forfeiture of the bond," id. at 169, this Court reasoned at 169-170:
As the people properly point out, MCL 765.26; MSA 28.913 provides the procedure whereby a surety that deems itself insecure may be relieved of its obligation. The statute provides that the surety deliver the accused to a jail in the county from which the accused is bailed. Such delivery may be accomplished either by the surety itself or with the assistance of any peace officer. At no time during the period when appellant had notice that defendant was in the custody of the Lenawee County or Wayne County authorities did it ever seek to take advantage of the provisions of this statute. As such, the inaction by appellant for a period of three years must be viewed as a continuing assurance on its part that defendant would appear. Not having taken advantage of these opportunities, the denial of the late motion to reinstate and cancel was not an abuse of discretion.
Consistent with Glumb, we interpret MCL 765.26; MSA 28.913 as intending to reward a surety who, through its own diligence, apprehends and surrenders *373 the principal to the appropriate authorities. Thus, Bond Bonding was not released from liability inasmuch as it failed to pursue its statutory remedies despite the fact that it was plainly aware of defendant's whereabouts during the period between his default and subsequent arrest.
A majority of jurisdictions are in accord with this reasoning, holding that a surety is not released from liability where the principal's incarceration in the same jurisdiction has either ended before the date of default or commenced after the date of default.[1] The rationale adopted by the courts generally denies relief on the ground that the principal was at large at the time of default and the surety had not availed itself of statutory remedies to exonerate its obligation. See, generally, anno: Bail: Effect on surety's liability under bail bond of principal's subsequent incarceration in same jurisdiction, 35 ALR4th 1192, § 14. See also United States v Egan, 394 F2d 262, 267 (CA 2, 1968); Tri-State Bonding Co v State, 263 Ark 620; 567 SW2d 937 (1978); State v Childs, 208 NJ Super 61, 64-65; 504 A2d 1212 (1986); State v Armstrong, 605 SW2d 526 (Mo App, 1980); Leach v State, 293 So 2d 77, 78 (Fla App, 1974). Nonetheless, some courts have granted relief to the surety, emphasizing that the equities of the case weighed in its favor. See ALR4th supra.
Here, the only equity weighing in Bond Bonding's *374 favor is that defendant eventually did appear before the circuit court and serve his sentence. A bondsman is generally relieved of responsibility on a bond once the principal-defendant is sentenced. People v Brow, 253 Mich 140, 142; 234 NW 117 (1931). However, by failing to secure defendant's appearance in court as required, Bond Bonding breached the conditions of the surety bond before defendant's case was finally determined and his sentence was imposed. Thus, we find it to be of no consequence that defendant had already served his sentence when the court entered the judgment against Bond Bonding for the full amount of the bond.
Once a default occurs, the surety must be given an opportunity to appear before the court and show cause why the judgment should not be entered against it for the full amount of the bond. If good cause is not shown, the court must enter a judgment against the surety on the bond for any amount it deems appropriate up to the full amount of the bond. MCL 765.28; MSA 28.915; People v Person, 44 Mich App 630; 205 NW2d 610 (1973). See also former MCR 6.106(F) (revised, effective June 1, 1992). The judgment is as "enforceable, reviewable and appealable" as any other judgment rendered in a personal action. People v Evans, 434 Mich 314, 331; 454 NW2d 105 (1990); MCL 765.28; MSA 28.915. See also MCL 600.4835; MSA 27A.4835; MCR 2.612; People v Munley, 175 Mich App 399; 438 NW2d 292 (1989). Bond Bonding failed to appear at the show cause hearing and failed to pursue a remedy by any other method.[2]
In sum, we conclude that Bond Bonding was not *375 released from liability by the mere fortuity of defendant's apprehension through the efforts of others and that it was not without an adequate remedy. Evans, supra at 330-332. Thus, the circuit court did not abuse its discretion in forfeiting the entire amount of the bond because of defendant's failure to appear and Bond Bonding's failure to show cause why the judgment should not enter. See People v Benmore, 298 Mich 701; 299 NW 773 (1941).
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] The facts of this case are thus distinguished from the situation where a principal is arrested on another charge and his incarceration extends to the date of default, making it impossible for the surety to produce the principal. Under such circumstances, Michigan follows the majority rule that the surety is either released from liability or liability is suspended for the duration of the incarceration. People v Robb, 98 Mich 397, 400-401; 57 NW 257 (1894); People v Griffin, 22 Mich App 101; 177 NW2d 213 (1970). Cf. People v McCracken, 11 Mich App 553, 554; 161 NW2d 758 (1968) (the defendant's failure to appear because he was incarcerated in Indiana did not justify the release of the surety because the surety was required to ensure the defendant's presence within this state's jurisdiction).
[2] Bond Bonding alleges that the reason defendant failed to appear on May 11, 1992, was because he was in the hospital. Bond Bonding failed, however, to take advantage of its opportunity to relay this information to the circuit court at the show cause hearing on June 29.