*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUDOLPH T. STONISCH, III,

      Plaintiff-Appellee,

UNPUBLISHED
March 12, 2020

v

DAVID M. CLAPPER,

      Defendant-Appellant.

No. 347724
Oakland Circuit Court
LC No. 2017-157223-CZ

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Following this Court's opinion in *Stonisch v Forthright IV, LLC*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2018 (Docket Nos. 335635, 335821, 339558, 340787 and 343741), the trial court granted defendant's motion to dismiss plaintiff's case against defendant for personal liability relative to a previous judgment and sanctions against defendant's company, Forthright IV, LLC (Forthright), but denied defendant's motion to return his appeal bond. Defendant appeals as of right, challenging the court's decision to not return the appeal bond. We affirm.

Before the appeal, the trial court had entered a judgment and orders in a different case requiring that Forthright pay a total of $51,052 to plaintiff. It then granted summary disposition to plaintiff on his claim against defendant for personal liability. This Court affirmed the judgment and orders as to Forthright but reversed with respect to defendant, concluding that plaintiff's complaint should have been dismissed as premature because it was not demonstrated that Forthright could not pay the money it owed plaintiff.

This Court reviews a trial court's decision on whether to return a bond for an abuse of discretion. *In re Forfeiture of Surety Bond*, 208 Mich App 369, 375; 529 NW2d 312 (1995). The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

An appeal of a trial court order or judgment "does not stay" its "effect or enforceability," with specific exceptions provided in MCR 2.614 or MCL 600.867, unless this Court orders a stay or the trial court orders a stay pending appeal. MCR 7.209(A)(1). "Within the time for taking the

appeal, the appellant shall file in the court or the tribunal from which the appeal is taken . . . any bond required by law as a condition for taking the appeal[.]" MCR 7.204(E)(3). "Unless determined by law, or as otherwise provided by this rule, the dollar amount of a stay or appeal bond in a civil action or probate proceeding must be set by the trial court in an amount adequate to protect the opposite party." MCR 7.209(B)(1). Under MCR 7.209, an appeal bond stays execution of the judgment or order during proceedings before this Court until jurisdiction is again vested with the trial court. See MCR 7.305(I) (stating that, when a stay bond has been filed in the Court of Appeals, "it operates to stay proceedings pending disposition of the appeal in the Supreme Court unless otherwise ordered by the Supreme Court or the Court of Appeals").

The contents of an appeal bond are dictated in MCR 7.209(F)(1), which provides in relevant part:

(1) *Civil Actions and Probate Proceedings.* In a bond filed for stay pending appeal in a civil action or probate proceeding, the appellant shall promise in writing:

(a) to prosecute the appeal to decision;

(b) to perform or satisfy a judgment or order of the Court of Appeals or the Supreme Court;

(c) to perform or satisfy the judgment or order appealed from, if the appeal is dismissed;

\* \* \*

(e) to do any other act which is expressly required in the statute authorizing appeal.

In this case, the parties stipulated that an appeal bond would be executed. The stipulation provided the reasoning for defendant obtaining an appeal bond, stating:

The Court granted Summary Disposition in Plaintiffs favor against Defendant David Clapper. The Court's Order on Motions for Summary Disposition and Entry of Judgment, entered by the Court on March 27, 2018, ordered that Defendant is liable to Plaintiff on all judgments entered to date in Case No. 2015-150628-CH against Forthright IV, LLC, and in favor of Rudolph T. Stonisch, III, totaling, with interest, approximately $54,215. Defendant filed an appeal of the Court's March 27, 2018 Order and the Court's Order denying Defendant's Motion for Reconsideration, dated April 19, 2018, before the Michigan Court of Appeals on May 10, 2018. Defendant desires to stay enforcement of the judgments in *Stonisch v. Forthright IV, LLC,* Case No. 2015-150628-CH, and this case during the pendency of the appeals, and Plaintiff desires a bond.

The stipulation concluded:

Pursuant to MCR 7.209(E)(2)(a), an appeal bond in the form of cash in the sum of $59,637 will be deposited by Defendant with the Clerk of the Oakland County

Circuit Court on or before May 25, 2018. Therefore, the parties, upon such deposit being made, and acting through their respective counsel, stipulate that enforcement of the judgments are stayed on the terms set forth in the Order Regarding Bond on Appeal.

The trial court's subsequent order stated that defendant was agreeing to

a. Diligently prosecute the appeal of the Order on Motions for Summary Disposition and Entry of Judgment, entered by the Court on March 27, 2018, and the Order denying Defendant's Motion for Reconsideration, entered by the Court on April 19, 2018, to decision and perform and satisfy the judgment or order entered by the Court of Appeals or Supreme Court;

b. perform or satisfy the orders appealed if they are not set aside or reversed, including costs and interest, if applicable; and

c. Perform any other acts required by law.

The trial court concluded:

IT IS HEREBY ORDERED that enforcement of the Judgment entered by this Court on March 27, 2018, and the judgments entered in *Stonisch v. Forthright IV, LLC*, Case No. 2015-150628-CH, are stayed during the pendency of the appeals in this matter and the appeals in Case No. 2015-150-628-CH, upon a cash deposit of $59,637 by Defendant with the Clerk of this Court on or before May 25, 2018. The deposit shall remain with the Clerk until further order of this Court.

Defendant signed a form indicating that he had paid a $59,637 bond (on a judgment of $51,052); the form included the language required by MCR 7.209(F)(1), specifically that defendant would "[d]iligently prosecute this appeal to decision," and "perform or satisfy the judgment or order appealed including costs and interest."

A stipulation by parties to a court case is a contract that is "governed by the legal principles applicable to the construction and interpretation of contracts." *Bd of Co Rd Comm'rs for Co of Eaton v Schultz*, 205 Mich App 371, 379; 521 NW2d 847 (1994). The goal of contract interpretation "is to determine and enforce the parties' intent on the basis of the plain language of the contract itself." *AFSCME v Detroit*, 267 Mich App 255, 262; 704 NW2d 712 (2005). This Court's "primary goal in interpreting any contract is to give effect to the parties' intentions at the time they entered into the contract." *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 85; 878 NW2d 816 (2016). In this case, the language of the stipulation and the trial court order regarding bond demonstrate that the parties intended for the bond to apply to the judgment in the 2015 Forthright case as well as the instant case.

The stipulation states that defendant had appealed the trial court's order in the instant case that "[d]efendant is liable to Plaintiff on all judgments" from the 2015 Forthright case (totaling $54,215, including interest). Critically, the stipulation stated that defendant wanted to stay the judgments of the instant case and the 2015 Forthright case "during the pendency of the appeals,"

and concluded that defendant's deposit of a $59,637 appeal bond would result in a "stipulate[ion] that enforcement of the *judgments* are stayed." Thus, the term "appeals" in the stipulation refers to a stay in the two appeals mentioned, and the stay was intended to apply to *judgments* that had been mentioned—the instant case and the 2015 Forthright case. The language of the filed agreement of the parties states an intention that the bond that defendant paid was to stay the judgment in the 2015 Forthright case, as well as the instant case.

In the stipulation, the parties agreed to abide by the "terms set forth in the Order Regarding Bond on Appeal." The trial court's order regarding bond ordered that, pursuant to defendant's deposit of the bond, the judgments of both the instant case and the 2015 Forthright case were stayed "during the pendency of the appeals" in both matters. Thus, the trial court's order embodied the parties' agreement that defendant would pay a bond in order to stay the judgments in this and the 2015 Forthright case while defendant was appealing the orders and judgments in those cases.

The trial court's order regarding bond states that defendant agreed to "prosecute the appeal" of the trial court's orders granting summary disposition, entering judgment, and denying reconsideration in the instant case, and perform and satisfy orders pertaining to this case, without similar language about the 2015 Forthright case. However, defendant had already been pursuing appeals in the 2015 Forthright case for 18 months at the time of the order and the trial court ordered that the bond was to stay the judgments in both cases during the pendency of both appeals, rather than just the appeal in the instant case. Thus, the trial court's order regarding bond does require defendant to pursue his appeal of the 2015 Forthright case, and he was obligated to comply with related orders as one of the conditions of the bond.

Defendant argues that the bond form governs the case and that the bond form only required that defendant prosecute the appeal of the instant case. In this case, the bond form was filed in and marked with the case number of the instant case, but did not specify which appeals defendant would or would not pursue pursuant to the parties' agreement. The trial judge did not sign the bond on appeal, but did sign the order entered pursuant to the stipulation regarding bond, which was submitted with the stipulation. "[A] court speaks through its written orders[.]" *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Moreover, the parties' agreement was reflected in the stipulation and order, not the bond form, which would have been unilaterally negotiated by defendant.

Defendant also argues that there was not a "meeting of the minds" sufficient to form an agreement if the parties disagreed about whether the bond would serve to guarantee the judgment in the 2015 Forthright case. However, defendant memorialized his agreement regarding the bond with plaintiff and specified that he "desire[d] to stay enforcement of the judgments in *Stonisch v. Forthright IV, LLC,* Case No. 2015-150628-CH, and this case during the pendency of the appeals," and that he would deposit $59,637 with the "stipulate[ion] that enforcement of the *judgments* are stayed on the terms set forth in the Order Regarding Bond on Appeal." Defendant argues that the 2015 Forthright case is only mentioned to clarify which judgment was stayed and would be appealed. However, the parties' words and the language of the trial court are unambiguous and their meaning is apparent.

The purpose of a stay is "to preserve the status quo during the period an aggrieved party has to file posttrial motions or an appeal." *In re Contempt of Calcutt*, 184 Mich App 749, 755;

458 NW2d 919 (1990). In this case, the documents evidence the parties' intent for the bond to secure a stay of the judgments in this case and the 2015 Forthright case. Defendant does not explain why plaintiff would agree to stay the judgments during his appeals in both the current and 2015 Forthright cases, but only require one bond. Defendant stated that his desire was to have the judgments in both cases stayed, and defendant asked for a stay of the judgments in both cases at the conclusion of the hearing on motions for disposition. Additionally, the amount of the appeal bond was similar to the amount of the judgment in the 2015 Forthright case. A bond includes a promise by the appellant "to perform or satisfy the judgment or order appealed from." MCR 7.209(F)(1)(c). Both the stipulation and the order regarding bond state that both the judgment in the instant case and in the 2015 Forthright case would be stayed by the payment of the bond. Defendant received the benefit, and the purpose and intent of the bond was fulfilled because enforcement of the judgments in the instant case and 2015 Forthright case was stayed pending appeal. The stated original basis for filing the appeal bond, to stay enforcement of the judgments and allow defendant to prosecute the appeals in this case and the 2015 Forthright case, continued to exist beyond the dismissal of the current case. Because the evidence strongly supports the conclusion that defendant paid the bond in order to achieve a stay on enforcement in the 2015 Forthright case and the instant case, the trial court did not abuse its discretion by denying defendant's motion for the return of the bond.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto