CASE 3—RECOGNIZANCE—JUNE 12.

# Commonwealth vs. Radford.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. After a judgment against the *bail*, on a forfeited recognizance, the court has no discretionary power, under *section* 94, *Criminal Code*, of remission as to the defendant in the indictment who had, jointly with his bail, entered into the recognizance.

2. A bail bond or recognizance by a *defendant* in an indictment, is unauthorized by law, and is not therefore obligatory on him, either as a statutory or common law obligation, but is binding on his surety.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The defendant having been indicted for an assault, the circuit court directed a bench warrant, indorsed that defendant should be admitted to bail in the sum of $300. He was arrested by the sheriff, and gave bail, who, in proper form, executed a bail bond before the sheriff.

Defendant appeared in discharge of this bond, when, on motion of the Commonwealth's attorney, the cause was continued, whereupon the defendant and his surety entered into the following recognizance: " M. G. Radford, with Robert Radford, being in court, acknowledged themselves jointly indebted to the Commonwealth of Kentucky in the sum of $300, but to be void if the said M. G. Radford shall appear in this court on the second day of its next September term, to answer the indictment herein, and not depart without leave of the court."

M. G. Radford did not appear as stipulated, and the recognizance was taken as forfeited, a summons directed, which was served on the bail, and judgment rendered against him for the three hundred dollars.

At a subsequent term of the court, M. G. Radford appeared and plead that he had been arrested and imprisoned by the United States Marshal, and, by reason thereof, could not appear, and that this was the first term of the court after service of summons on him. To this plea a demurrer was entered and sustained. He then, by plea, put himself on the mercy of the court, whereupon the court remitted the whole sum as specified in the recognizance as to him; and of this the Commonwealth complains.

By section 92, Criminal Code, pleadings on forfeited bail bonds are dispensed with, and a " summons *against the bail*" only directed.

By section 94, the court is invested with the power, at its discretion, to remit the whole or any part of the sum specified in the bail bond, "*if, before judgment is entered against the bail*,"

the defendant be arrested or surrendered. But the court has no discretion whatever over the cause after judgment is rendered against the bail; hence, he has no discretionary power of remission as to the principal after the liability of the bail is fixed by judgment.

But what is the full legal liability on such recognizance? It was that the defendant should appear, else they would pay the Commonwealth $300; and for this sum she has obtained a judgment against Robert Radford, the bail, and, for all that appears in this record, has collected the money. His reception as bail raises the presumption that he was solvent, and that the money has been collected; wherefore, then, has the Commonwealth any right to another $300? The payment of $300 would discharge said recognizance. This aspect of the case has caused us to look into the provisions of the Criminal Code to see by what authority the Commonwealth's attorney can demand another judgment for $300, and thus, perhaps, collect $600 on a joint recognizance for $300 only.

By section 67, Criminal Code, " admission to bail is an order from a competent court or magistrate that the defendant be discharged from actual custody on bail."

Section 68: "The taking of bail consists in the acceptance by a competent *court*, magistrate, or officer, of the undertaking of *sufficient bail* for the appearance of the defendant according to the terms of the undertaking, or that the *bail* will *pay* to the Commonwealth the *specified sum*."

Section 76 provides that if the defendant be committed to jail, he must, by written petition to a magistrate or circuit judge in vacation, ask to be admitted to bail. " In all other cases, the application may be made orally to the *court*, magistrate, or officer."

By section 77, " the undertaking of bail shall be substantially as follows: A. B. being in custody, charged with the offense of (naming or briefly describing it), and being admitted to bail in the sum of $——, we, C. D., of (stating his place of residence), and E. F. (stating his place of residence), hereby undertake that the above named A. B. shall appear in the —— court on the — day of its —— term (or before.

Commonwealth vs. Radford.

the judge of the ———— county court, on the —— day of
————), to answer said charge, and shall, at all times, ren-
der himself amenable to the orders and process of said court,
in the prosecution of said charge; and, if convicted, shall
render himself in execution thereof; or, if he fail to perform
either of these conditions, that we will pay to the Common-
wealth of Kentucky the sum of $——."

It will be observed that neither these sections nor the form
given contemplate that the defendant shall himself sign the
bond, but only his surety or sureties.

By section 84, the defendant may deposit with the trustee
of the jury fund the amount specified in place of bail, and
shall, thereupon, be discharged from custody.

By section 85, " after bail has been taken, a deposit may,
in like manner, be made of the sum mentioned in the bail
bond, which shall exonerate the bail."

Under the old statutes, the defendant was required to enter
into a recognizance in a given sum, and his sureties in a like
sum; it was then proper and legal to render a judgment on
its forfeiture against the defendant on his stipulations, and
against his sureties on their stipulations; but this rule has
been changed by the Criminal Code, and we can find only one
class of cases in which the defendant is required to enter into
a recognizance with his sureties, and that is under chapter 2,
" requiring security to keep the peace or for good behavior."

By section 381 of this chapter it is provided, " where the
security is required by a circuit, county, or police court, it
may be for keeping the peace or for good behavior any length
of time, not exceeding one year. Where it is required by a
magistrate, it shall be for keeping the peace or for good beha-
vior until the defendant shall appear before the circuit court
of the county, on the first day of its next term, before which
court the *defendant shall also be bound with security* to appear,
and not depart without leave."

The form given by the codifiers, or Mr. Stanton, at *p.* 447,
*Stanton's Criminal Code*, seems to be intended by the author to
meet the provisions of *section* 80, *Criminal Code;* but, with a
slight alteration, it can be made to meet the provisions of the

above section 381, chapter 2; it cannot, however, be appropriate to either of the sections regulating bail on indictment.

The form incorporated in the Code and sanctioned by the Legislature does meet the numerous provisions regulating bail in felonies and misdemeanors.

We do not intend to say, when such a recognizance is taken by a court having jurisdiction, that it is not obligatory on the surety; for we think, so far as the surety is concerned, it would be saved by section 80, Criminal Code; but it is clear that such a recognizance, as to the defendant, is not authorized by the Criminal Code on indictments, and we do not perceive by what statutory remedy any liability can be fixed on him, if, indeed, there be any consideration to uphold his liability as a common law bond. By the provisions of the Code, when the defendant furnishes competent bail, who shall enter into the competent bond or recognizance, the defendant is entitled to go at large. What additional consideration does he get by entering also into such bond himself?

If he should make default, and, by reason thereof, his bail shall be endamaged, he would doubtless be liable to his bail for such damage; but by what provision of the Code does he become liable to pay the Commonwealth? He is still liable to be tried on the indictment. The object of the Code is to obtain surety that he will answer the charge, else that his surety will pay the specified sum in default; but this by no means exonerates him from the charge.

It might be better to require that the principal shall also be bound with the surety in such bond, and both be liable to judgment, whilst the collection of the sum specified should be a satisfaction of all the judgments; but the Legislature has not thought proper to so make the laws, and our duty is to adjudge the laws as we find them.

The court below correctly refused to give a judgment, but for an erroneous reason.

Wherefore, the judgment is affirmed.