CASE 56—FORFEITED BAIL BOND—APRIL 13.

## Combs v. Commonwealth.

### APPEAL FROM WOODFORD CIRCUIT COURT.

1. BAIL BONDS—CUSTODY OF COURT IN ANOTHER TRIAL—LIABILITY OF SURETIES.—If one is indicted under three separate indictments and gives three separate bail bonds, and is subsequently acquitted of the charge in one of the indictments, and another one is dismissed, his sureties in the bail bond under the third indictment are not released because of the Court's custody of the defendant's person in the first trial.

2. BAIL BONDS—PRACTICE IN CRIMINAL CASES.—Even though a forfeiture of the bond was not authorized at the time it was had, the order of forfeiture did not entail on the sureties any injury or deprive them of any rights, and after the entry of the order of forfeiture they might have avoided the obligations of the bond by surrendering the defendant.

J. M. HOGE AND BRECKENRIDGE & SHELBY FOR APPELLANTS.

1  The sureties in a bail bond are released whenever the defendant is actually in the custody of the court in which the indictment is pending.  Willis v. Caldwell, 85 Ky. 68; Criminal Code, sec. 183; Commonwealth v. Thomson, 9 Ky. Law Rep., 439.

[25]

Combs v. Commonwealth.

2. The public announcement that no trial would be held at that term and that the old docket was continued was a notification to the defendant and to his surety that he did not have to be in court. Don Allen v. Lenox, 6 Dana, 89.

3. A defendant on bail is not compelled to be actually present in court during all the trials of other actions pending at the term at which his action is pending.

JOHN S. SMITH FOR APPELLEE.

1. The fact that the defendant appeared to the other two indictments is no sufficient reason for releasing his sureties when he failed to appear to the last indictment. Commonwealth v. Cooper, 13 Bush, 654.

2. The rights of the sureties were in no way affected by the order of forfeiture as they could have thereafter and before judgment was entered against them, arrested and delivered the defendant into custody.

3. No legal significance attaches to an oral statement of a judge.

W. S. TAYLOR OF COUNSEL ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

One Stone stood indicted under three separate indictments for embezzlement, and gave three separate bonds, with appellants as his sureties, for his appearance to the October term, 1896, of the Woodford Circuit Court. At that term he appeared and was tried and acquitted on one of the indictments, and another one was dismissed. At the succeeding term the court was engaged in the trial of other cases until so near its close that it was manifest no other jury cases could be tried, and it therefore announced that all other cases would be continued until the next term.

On the succeeding day after this announcement, and while the court was engaged in the trial of a criminal case, the attorney for the Commonwealth had the Stone case

called, and when the defendant did not answer, an order was made, forfeiting his bail bond in the case that had not been disposed of at the former term. In answer to a summons on this forfeiture, the sureties contend that the trial of the defendant Stone, on the first indictment, and the court's custody of his person consequent on such trial, deprived the bail of the custody of the defendant and effected a discharge of their covenant.

The principle involved, say counsel, is that the surety has a right at every moment of time to have his principal re-arrested and placed in custody; and that whenever the Commonwealth takes the principal into custody, instantly the contract is at an end, for the Commonwealth has interposed and deprived the surety of his rights.

If the accused, after his trial had commenced under the first indictment, had escaped, his bondsmen, in that particular case, would doubtless have been released unless they had appeared and consented to remain on his bond. (Willis v. Commonwealth, 85 Ky., 69.) But we are not able to perceive how this is to affect the defendant's sureties on a bond executed in a separate and distinct prosecution. As a matter of fact the right of the sureties on the last bond to surrender the defendant to the jailer at any time—even during his trial under the first indictment—was in no way abridged by reason of the trial. A delivery to the jailer of a certified copy of the bail bond, accompanied with a surrender of the person of the accused, while he was on trial, would have protected the sureties from further liability.

It is further contended that the attorney for the State

Combs v. Commonwealth.

was not authorized to take an order of forfeiture after the court had announced that the case would be continued until the succeeding term. But if this be conceded, the covenant of the sureties remained, to have the accused in court to answer the charge contained in the indictment. Even after entry of the order of forfeiture, an avoidance of the obligations of the bond might have been effected by the appearance of the accused and his surrender in answer to the prosecution.

In itself the order of forfeiture did not entail on the sureties any injury or deprive them of any right. No judgment was sought until after citation, and thus time was given to re-arrest the accused.

Moreover, it does not appear that the accused was present when it is said that the court announced that all other cases would be continued, or that he was present at all at that term of court. If he was already a fugitive from justice, as we infer from the evasive statements of the answer, the order of forfeiture was in no way prejudicial to the sureties, and if he was not such a fugitive, and the order of the court continuing the cases and ordering this forfeiture did in fact mislead the accused or his sureties, the pleading ought to have so disclosed.

The order sustaining a demurrer to the answer of the sureties was proper, and the judgment on the bond is affirmed.