## McDonald v. Commonwealth.

(Decided March 16, 1926.)

### Appeal from Grayson Circuit Court.

1. Bail—When One Accused is Released Upon Bond and Later Convicted of Another Offense, Sentenced to Jail, and Thereafter Escapes, Bail is Not Released; Liability Being Suspended Only During Time Accused is Held in Custody.—When one accused is released upon bond, later arrested and convicted of another and separate offense and sentenced to jail and thereafter escape, bail is not released; liability being suspended only during time accused is held in custody by Commonwealth.

2. Bail.—Where one accused is released upon bond, rearrest upon same charge, based upon same facts, discharge sureties on bail bond.

J. M. CAMPBELL for appellant.

FRANK E. DAUGHERTY, Attorney General, HENRY DeHAVEN MOORMAN and ALLEN P. CUBBAGE, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, McDonald, became surety on the bail bond of one Lindsey, indicted in the Grayson circuit court, for

the offense of selling intoxcating liquors. After the execution of the bond with McDonald and others as surety, and the release of Lindsey on bond, to await the next term of the Grayson circuit court, at which time the case was to be tried, a warrant was issued by the Grayson quarterly court for Lindsey, accusing him of selling liquor at another time and to a different witness. Lindsey was arrested and tried in the quarterly court upon the warrant, found guilty and his punishment fixed at a fine of $300.00 and by confinement in the county jail for sixty days. He was delivered to the jailer of Grayson county in execution of the judgment, and, afterwards, while in charge of a guard at work on the public highway in pursuance of the judgment, escaped from custody and has not since been apprehended. On the calling of the case in the Grayson circuit court against Lindsey, he failed to answer, his bond was forfeited and summons issued for the bail including appellant McDonald. The response filed by appellant, McDonald, set forth all the facts with respect to the indictment of Lindsey and his admission to bail and the execution of the bond with appellant, McDonald, and others as sureties. It further recited that afterwards Lindsey was arrested on a warrant from the quarterly court charging sale of intoxicating liquors, and was tried, convicted and fined, and sent to jail; that he later escaped from custody of a guard having him in charge on the public highway. As ground for exoneration of the bail it was further averred in response:

"He states that by reason of the warrant having been issued in the name of the Commonwealth by said Grayson quarterly court, against said Hubert Lindsey, on September 18, 1924, charging him with a later offense, and by reason of said Hubert Lindsey having been arrested on October 16, 1924, and taken into custody by the Commonwealth, and by the further reason of said Hubert Lindsey having been tried and convicted in said Grayson quarterly court on the 4th day of December, 1924, and for the further reason that immediately following said trial and conviction, on the 4th day of December, 1924, the said Hubert Lindsey was committed by said quarterly court to and taken into custody by the jailer and confined in the jail of Grayson county, and for the further reason that while in custody of a

guard appointed by the county judge of Grayson county the said Hubert Lindsey fled and escaped from said guard, and having fully relied on said facts to exonerate and discharge the sureties from all liability on said bail bond, now the defendant, W. R. McDonald, comes and pleads said facts as a complete defense to any and all liability on said bail bond and against said forfeiture.''

To this response the Commonwealth demurred generally and its demurrer was sustained, and the response adjudged insufficient. Appellant declined to further plead and judgment was entered against him and other sureties in the bond for the full penalty in each of the two bonds. It is from that judgment that this appeal is prosecuted.

It is appellant's contention that when defendant, Lindsey, was arrested on a subsequent charge on a warrant from the quarterly court of Grayson county and tried and convicted and held in custody on the subsequent charge until he made his escape, the sureties in the bond, and each of them were thereby discharged and exonerated, and the lower court erred in holding otherwise upon the demurrer to the response. In support of this contention appellant, McDonald, relies upon the cases of Medlin v. Commonwealth, 11 Bush, 605; Commonwealth v. Branson, 14 Ben Mon. 291; Combs v. Commonwealth, 103 Ky. 385, and other cases therein cited. All of these contentions are disputed by the Commonwealth. In the Medlin case, *supra,* it was merely held that sureties in a bail bond are discharged by the rearrest of the accused for the *same offense,* and his commitment to jail from which he later makes his escape, on the ground that the second arrest by the Commonwealth for the same offense was the exercise of a right of the Commonwealth to take the accused into custody to which the accused was compelled to submit and to deprive the sureties in the bond of all power and control over their principal, which in law they were entitled to have. The opinion in that case was rested upon the principle that the Commonwealth excuses the bail from liability when it rearrests the defendant for the *same offense.* That case is clearly distinguishable from the one under consideration in which the accused was arrested and charged a second time with a separate and distinct offense entirely different from that specified in the first indictment, in which latter case

the bonds were executed. The other cases relied upon by appellant, McDonald, are to the same effect except that one or two are cited in which the accused, after his release upon bond, was arrested in another jurisdiction and charged with a different offense, while in custody on the second charge, and unable to return and answer the accusation or indictment in the first case, when it was called and his bond forfeited, the bond was, upon manifesting the facts, excused from liability on the ground that accused was in the custody of the Commonwealth and unavoidably detained by it, and thus prevented from answering the indictment when called for trial. The rule is thus stated in 6 C. J. 1026:

> "The subsequent arrest or custody of the principal on another charge, or in other proceedings, while he is out on bail, does not operate *ipso facto,* as a discharge of his bail, but its effect depends upon its continuance. Where, however, the removal of a prisoner by a court of competent jurisdiction beyond the control of his bondsmen continues through the term at which he is bound to appear, thus rendering them unable to produce him at the time and place set for trial in accordance with the obligation, it constitutes an act of law which discharges the sureties. But until then the rights and liabilities of the bail are dormant only, and revive the moment the principal is free again. Thus if, while in custody on another charge, he escapes, or is again discharged on bail, and is a free man when called upon his recognizance to appear, his bail are bound to produce him."

One of the clearest and best statements of the principle involved here can be found in the opinion in the case of Combs v. Commonwealth, 103 Ky. 387, where Judge Hazelrigg, one of the ablest judges who ever occupied his bench, speaking for the court, said:

> "The principle involved, say counsel, is that the surety has a right at every moment of time to have his principal rearrested and placed in custody; and that whenever the Commonwealth takes the principal into custody, instantly the contract is at an end, for the Commonwealth has interposed and deprived the surety of his rights. If the accused, after his trial had commenced under the first indictment, had escaped, his bondsmen, in that particular

case, would doubtless have been released unless they had appeared and consented to remain on his bond. (Wills v. Commonwealth, 85 Ky. 69). But we are not able to perceive how this is to affect the defendant's sureties on a bond executed in a separate and distinct prosecution. As a matter of fact the right of the sureties on the last bond to surrender the defendant to the jailer at any time was in no way abridged by reason of the trial. A delivery to the jailer of a certified copy of the bail bond, accompanied with a surrender of the person of the accused, while he was on trial, would have protected the sureties from further liability."

To the same effect are opinions in the cases of Commonwealth v. Thompson, 9 Ky. Law Rep. 439; McGuire v. Commonwealth, 7 Ky. Law Rep. 215. See also 2 American & English Encyclopedia of Law, 26; West v. Colquitt, 71 Ga. 559.

. The correct rule seems to be that when an accused is released upon bond and is later charged and arrested for another and separate offense, against the Commonwealth, tried and convicted, and sentenced to jail and thereafter escapes, the bail is not released but the liability of the bail is suspended only during the time that the accused is held in custody by the Commonwealth and if the bond is not forfeited during his custody but is forfeited after his escape from the jail, the bail is liable, but the rule is otherwise where the accused is rearrested upon the same charge based upon the same facts, for, in such case, the Commonwealth exercises its right to disregard the bond and to take the accused into custody and when it does so it by implication, at least, finds the bond unsatisfactory or insufficient and thus disregards it. Having done so it is not thereafter entitled to rely upon it and to have a forfeiture. But when persons as bail contract with the Commonwealth that the accused will appear and answer an indictment or warrant in a certain court at a certain time and place named in the bond and fails to do so, through no fault of the Commonwealth, the bail is liable unless it can show such facts as would in law justify the court in excusing the failure of the bail to present the accused. The mere fact that one has committed a second offense and thus brought about his arrest, conviction and incarceration, does not acquit him of a previous offense nor exonerate the bail from liability

after he has been released from custody in a legal manner, or has made his escape.   After he obtains his freedom it is his duty and that of his bail to answer and see that he answers the accusations in the court to which he gave the bond and on the day named, and his subsequent arrest and conviction on a second and separate charge will not have the effect of exonerating the bail.   For these reasons the judgment of the Grayson circuit court adjudging the response of appellant, McDonald, insufficient on demurrer, is affirmed.

Judgment affirmed.