Thomas R. BURD and Capitol Indemnity Insurance Company, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1960.

Rehearing Denied June 24, 1960.

George E. Barker, Shouse, Barker & Coplin, Stoll, Keenon & Park, Lexington, for appellants.

John B. Breckinridge, Atty. Gen., Paul E. Hayes, Frankfort, Asst. Atty. Gen., for appellee.

STEWART, Judge.

This is an appeal from a summary judgment entered against appellant, Capitol Indemnity Insurance Company (hereinafter referred to as "the company"), as the surety, ordering a bail bond to be forfeited because of the failure of Thomas R. Burd, the principal, also an appellant herein, to appear for trial on the day set in the Fayette Circuit Court.

The undisputed facts in this case are that on May 30, 1955, Burd was arrested and later charged with the offense of unlawfully, feloniously, and with force, opening a

safe in which money was kept at Lyle's Market in Lexington. See KRS 433.130. After a preliminary hearing, he was bound over to the Fayette County Grand Jury and bond for his appearance thereat was fixed at $10,000. Such recognizance was executed on June 13, 1955, and made returnable June 14, 1955. The grand jury indicted Burd on the latter date and a bench warrant issued which was served on him. Trial of this case was set for October 11, 1955. On October 1, 1955, Burd was arrested in Richland County, South Carolina, and held to await action in that county and state. This fact was made known to the Fayette Circuit Court which reset the case for October 19, 1955. Burd failed thereafter to appear when his case was called; his appearance bond was thereupon ordered forfeited; and summons then issued against the company directing it to show cause why judgment should not be rendered against it as surety on Burd's bail bond.

On March 26, 1956, the company filed its answer, first denying it was obligated on the bond and then setting up the defense that Burd was incarcerated in another state at the time of his required appearance. In the latter connection, it was also averred Burd's detention on a criminal charge in Richland County, South Carolina, was the sole reason he could not be produced for trial in the Fayette Circuit Court, and that the rights of the Commonwealth had in no way been prejudiced by Burd's nonappearance in court on October 19, 1955, the date of his trial. Appellee then moved for a summary judgment. The court sustained this motion and overruled the company's motion to reduce the amount of the bail bond. The company filed a motion and grounds for a new trial, pleading newly discovered evidence. This motion, as well as a motion to set aside the summary judgment, was overruled. This appeal is from the ruling of the lower court rendering judgment on the forfeiture.

Reversal of the judgment is sought on these grounds: (1) When the Commonwealth filed its motion for summary judg-

ment the company should not have been compelled to assume the burden of proof to sustain the defenses set up in the answer it filed. (2) As the principal on the bail bond failed to appear for trial because he was legally arrested and held in another state, the lower court should have granted remission of the forfeiture. (3) Since the Commonwealth failed to assist the surety on the bail bond by requesting extradition of Burd, it was estopped from taking judgment for the full amount of the bail bond.

The first reason advanced for reversal is based upon the assumption that the Commonwealth did not make out a prima facie case that would entitle it to a summary judgment. In order to resolve this issue, an examination must be made of the procedure resorted to in order to obtain judgment on the forfeiture. Section 94 of the Criminal Code of Practice, as amended by Section 36 of Senate Bill 212 that became effective July 1, 1953, and which the Commonwealth pursued in the steps taken by it, contains these pertinent provisions:

"1. Upon the forfeiture of a bail bond the court shall order a summons to be issued against the bail, requiring them to show cause why judgment should not be rendered against them, on the forfeiture, for the sum fixed in the bail bond.

\* \* \* \* \* \*

"3. No pleadings shall be required on the part of the Commonwealth, but the summons shall be served, and all subsequent proceedings shall be the same as in an ordinary civil action."

Following the issuance of the summons by the Commonwealth, and the filing of the company's answer in which it alleged the defenses above mentioned, the Commonwealth moved for summary judgment. No affidavits were filed by either party and no evidence was submitted. Under the state of the record at this juncture, was the Commonwealth under a burden to come forward with proof to sustain the action taken by it? Would summary judgment

lie where nothing more than pleadings were to be considered?

▮ In a proceeding to enforce a forfeiture of bail the Commonwealth is not required to reply to the facts relied upon as a defense; they are treated as controverted. Furthermore, at the time of the hearing in the case at bar, it was incumbent upon appellants to have presented proof upon the issues raised in their answer. See Slodghill v. Commonwealth, 11 Ky. Law Rep. 368. (This case is cited in 8 C.J.S. Bail § 103 a, p. 203, for these holdings.) The judgment awarded the Commonwealth was upon the basis of the proceedings taken up to the time of the motion made by it. The bail bond was before the court, also the summons which had been duly and regularly served, and had there been no answer filed, there would be no question but that the lower court could have granted judgment upon the record as it then stood. Where, as here, the company's answer did nothing more than aver certain conclusions of law which were legally insufficient on their face, the lower court could and did properly allow judgment to go for the Commonwealth.

▮ The bond, which was filed in the case, indicates that Burd, the principal, did not affix his name to it and it was signed only by the company. It is maintained this rendered the bond defective, and that this was a fact that made the granting of summary judgment premature. However, the absence of Burd's signature from the bond afforded no defense to this forfeiture action, because this Court held in Commonwealth v. Radford, 2 Duv. 9, 63 Ky. 9, where the form of bail bond executed was the same as that now set out in Section 82 of the Criminal Code of Practice and which was the same as that executed here, that it was not necessary for the accused to sign the bond, but only that his surety or sureties affix their signatures thereto.

▮ Properly speaking, since the Commonwealth's motion undertook to test the validity of the company's defense to the forfeiture proceeding, as embraced in its answer, its plea should have been a motion for judgment on the pleadings as provided by CR 12.03. Such a motion in the case before us would be equivalent to a demurrer to the answer of the company under the old Civil Code procedure. See Deming v. Turner, D.C.D.C., 63 F.Supp. 220. Under such procedure, assuming the material allegations of fact in the company's answer were true, the Commonwealth would nevertheless be entitled to judgment. This result would obtain because the Commonwealth made out a prima facie showing which entitled it to forfeiture of the bail bond, and the company's answer did not overcome this showing by presenting a legal defense thereto. The motion in this proceeding for summary judgment will be treated as a motion for judgment on the pleadings because undoubtedly it was intended to be considered as the latter type of motion.

Is the surety on a bail bond due redress of any kind when the principal fails to appear for trial in Kentucky because of his arrest and detention in another state for an offense allegedly committed after his indictment in Kentucky? Appellants undertake to answer this question by asserting that the right of the Commonwealth and of the public generally to secure the principal for trial at a later date still exists, for the reason that the accused is not at large and may, in the ordinary course of events, be brought back to this state for trial at some future date.

▮▮ Appellants recognize that the majority rule, heretofore consistently followed by the courts of this state, is that the incarceration of an accused so as to disenable him to comply with the condition of his bail bond will not exonerate a surety thereon, unless such incarceration of his principal was made and brought about by the same jurisdiction in whose favor the bail bond was executed. Fleenor v. Commonwealth, 308 Ky. 1, 213 S.W.2d 313.

The Fleenor case held that a bail bond was properly forfeited for the failure of the principal to appear on the date set for trial, notwithstanding that the principal's absence was due to his being held in the custody of Federal officers for committing a Federal offense in another state. Thus the imprisonment of an accused by a foreign court for the violation of its criminal laws furnishes no defense to a proceeding to secure judgment on a forfeiture based upon nonappearance. See also Briggs v. Commonwealth, 185 Ky. 340, 214 S.W. 975, 8 A.L.R. 363.

Implying the amount of bail was excessive under the circumstances, appellants argue that the lower court should have remitted all or a portion of the amount of the bond. It is claimed authority was vested in the circuit court to do this by virtue of Section 98 of the Criminal Code of Practice, which reads: "If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."

 It is true this section has been interpreted as conferring upon the trial judge a judicial discretion to render judgment in a proceeding on the bail bond for such part of the penalty as may be just and proper. See Commonwealth v. Cambron, 210 Ky. 418, 276 S.W. 113. Since this discretion was exercised judicially upon a consideration of all of the facts in this case, and the lower court concluded the entire amount of the bond should be forfeited, we cannot say there was an abuse of discretion upon the part of the circuit court in this instance.

The third contention is that the Commonwealth failed and refused to invoke extradition proceedings to procure Burd for trial and, in consequence, it was estopped to assert any right to the proceeds of the bail bond. The Constitution of the United States, in article 4, section 2, provides: "A person charged in any State with Trea-

son, Felony or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having the Jurisdiction of the Crime."

 The power to extradite is lodged in the governor of this state. See KRS 440.080. Neither the language of the above Federal constitutional provision nor of any act of Congress, nor the terms and conditions of our extradition law, require the chief executive of this state to make demand upon the executive authority of another state for the arrest and return of a fugitive from justice. The governor alone decides either for extradition or against it, and when he decides either for or against it, that settles the matter, and from his decision there is no appeal. See Scott on Interstate Rendition, sec. 46, p. 62. There is no merit to this ground for reversal.

Wherefore, the judgment is affirmed.