**Chester VAUGHN et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 30, 1965.

Robert L. Dowell, Greensburg, Charles Huddleston, Bowling Green, for appellants.

Robert F. Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

One John Montgomery was convicted in the Monroe Circuit Court on the charge of storehouse breaking. Pending an appeal he was allowed bail in the sum of $2,500, with appellants Chester Vaughn and Glenn Scott as sureties. His appeal was dismissed. Upon failure of Montgomery to render himself amenable to the orders and process of the Monroe Circuit Court, appellants were summoned to appear therein on January 29, 1964, to show cause why judgment of forfeiture should not be entered.

Appellants moved that they be exonerated from the forfeiture on the ground that John Montgomery had been extradited to the State of Tennessee. Filed with the motion was a certification from the Clerk of the Criminal Court, Smith County, Tennessee, from which it appears that "John Montgomery was extradited by the officials of the State of Tennessee from the State of Kentucky on the 14th day of May, 1963"; that he was bound over to the Criminal Court of Smith County and placed under bond in the amount of $2,500; that his case was continued from the December 3, 1963 term until the March 30, 1964 term of the court; and that "his bond is still in effect."

The motion for exoneration was overruled and judgment of forfeiture in the sum of $2,500 was entered against appellants. They appeal and urge that extradition of a fugitive in custody under charge in Kentucky exonerates and releases the surety on his bail bond. Appellants rely on KRS 425.090, which in part provides:

"He will be exonerated by the death of the defendant, or his removal from this state under process of law as a fugitive, before the return day of the summons served upon the bail in the action to enforce his liability; * * *."

Appellee relies on RCr 4.28(3) to sustain the forfeiture which provides in part as follows:

"Unless there are reasonable grounds to believe that the principal has caused himself to be incarcerated elsewhere, or elects to remain under such detention though able to secure his release through bail or otherwise, for the purpose of delaying or avoiding appear-

ance, the court shall not declare a forfeiture of bail (or, having declared a forfeiture, shall remit the amount thereof) if it is proved that his appearance is prevented by detention in a jail or penitentiary outside the Commonwealth of Kentucky or in custody of the United States. * * *."

◼ A primary purpose of bail in a criminal case is to relieve the accused of imprisonment and at the same time to keep the accused constructively in the custody of the court, whether before or after the conviction, to assure that he will submit to the jurisdiction of the court and be in attendance therein whenever his presence is required. Hicks v. Commonwealth, 265 Ky. 123, 95 S.W.2d 1076; 8 Am.Jur.2d, Bail and Recognizance, Section 4, page 784. Generally it is only where performance of the conditions of a bail bond has been prevented by an act of God, an act of obligee, or an act of law that the sureties are entitled to relief. 8 Am.Jur.2d, Bail and Recognizance, Section 177, page 879.

◼ If the act that prevents the appearance of the accused justifies or excuses the nonappearance no forfeiture should be ordered. It is incumbent on the accused or his surety to show that accused's nonappearance was excusable or justifiable. Burd v. Commonwealth, Ky., 335 S.W.2d 945. Appellants showed that Montgomery had been removed to Tennessee by extradition but failed to show that he was in jail or imprisoned in Tennessee at the time of his nonappearance in the Monroe Circuit Court. To the contrary, the proof shows that Montgomery was free on bail. Any excusable basis for nonappearance by reason of the extradition was removed when he was released on bail in Tennessee. He was then free to appear in the Monroe Circuit Court in obedience to the terms of his bail bond therein. His failure to appear justified the forfeiture. McDonald v. Commonwealth, 213 Ky. 570, 281 S.W. 538, 45 A.L.R. 1034.

KRS 425.090 affords no relief. The Legislature undoubtedly intended a detention by reason of extradition as a basis for exoneration rather than the mere act of extradition. Had Montgomery been acquitted of the Tennessee charge, no one could validly claim that the extradition would have excused him from appearing in the Monroe Circuit Court. The adoption of RCr 4.28(3) supplements the statute by requiring proof "that his appearance is prevented by detention in a jail or penitentiary outside the Commonwealth of Kentucky or in custody of the United States." This construction of the statute and rule is consonant with the holdings in Briggs v. Commonwealth, 185 Ky. 340, 214 S.W. 975, 8 A.L.R. 363; Burd v. Commonwealth, Ky., 335 S.W.2d 945; and Turner v. Commonwealth, Ky., 338 S.W.2d 213, that the accused will be excused from nonappearance only for good cause shown. There was no justification or excuse shown for the nonappearance here.

Judgment affirmed.