**Martha L. BROCK et al., Appellants and Cross-Appellees,**

**v.**

**J. C. HELTON et al., Appellees and Cross-Appellants.**

Court of Appeals of Kentucky.

Nov. 5, 1965.

Joe Nagle, Denham, Ralston & Nagle, Middlesboro, for appellants.

William S. Tribell, Middlesboro, for cross-appellants.

Logan E. Patterson, Pineville, for appellees.

Joe Nagle, Middlesboro, for cross-appellees.

DAVIS, Commissioner.

This appeal presents two separate problems relating to the general election to be held in Middlesboro November 2, 1965. We have issued appropriate orders disposing of the litigation and this opinion states the bases for the orders.

The first phase of the appeal relates to whether four persons are to be listed as Democratic candidates for the office of city councilman in Middlesboro. The trial court ruled that two of the names, appellants Leslie Adams and Kirby Smith, were properly on the ballot, but adjudged that the names of appellants Tom Epperson and Robert Renner should not be on the ballot. We hold that appellants Epperson and Renner are to be listed on the ballot. No question is raised as to the propriety of listing Adams and Kirby; they are not proper parties to this appeal.

A stipulation of facts discloses that Middlesboro is governed by a Board of Council composed of twelve members. Six members of the council are elected from the South Ward and six from the North Ward. Voters in each ward are permitted to cast ballots for six councilmanic candidates, so that the six candidates polling the highest number of votes are nominated in a primary race in each ward.

In the North Ward five persons filed as candidates for councilmen in the Democratic Primary; four persons filed as such candidates in the Democratic Primary in the South Ward. *Before* the primary date, but *after* the date for filing in the primary had passed, candidate Claude Conner withdrew as a candidate in the North Ward and candidate Jack R. Smith withdrew as

a candidate in the South Ward. Both of these men were candidates in the Democratic Primary. After the primary date, but before the printing of the ballots for the general election to be held November 2, 1965, Democratic candidate Claude Teague withdrew from the same race in the North Ward and Democratic candidate Sam Scott, Jr. withdrew from the council race in the South Ward. Thus, where nine persons had sought the nominations for the twelve council seats, four withdrew—two of whom withdrew before the primary date and two after the primary date.

Pursuant to KRS 119.020 the governing authority of the Democratic Party in Bell County undertook to name four persons in behalf of the Democratic Party as nominees for the four council seats which had been sought by the four persons who had withdrawn.

Appellant Epperson was designated as replacement for Claude Conner; appellant Renner was to take the place of Jack R. Smith. (Kirby Smith, Jr. was to replace Claude Teague and Leslie B. Adams was to replace Sam Scott, Jr.) It is seen therefore, that appellants Epperson and Renner were to replace the two men who withdrew *before* the primary date. It was for this reason that the trial court concluded that the governing body of the Democratic Party had no authority to name replacements for Conner and Jack R. Smith. We do not agree.

■ When the time expired for filing in the primary race there were five persons seeking the six Democratic nominations for councilmen in the North Ward and four persons seeking the six Democratic nominations in the South Ward. Each of these candidates was entitled to a certificate of nomination after the expiration of the time for filing in the primary. KRS 119.-090. Therefore, as to the four persons who withdrew there was a "vacancy in the nomination of an unopposed candidate" within the meaning and enablement of KRS 119.-020(3). In such circumstance, it was proper for the governing authority of the party to name appellants to fill these "vacancies".

■ The second phase of this appeal is presented by the cross-appeal and relates to the physical arrangement of the voting machines to be used in the November 2nd election. The voting machines are so arranged as to enable a voter to vote a "straight" party ticket by pulling a single lever designed for the party of the voter's choice. However, there is no Democratic candidate for mayor of Middlesboro, although there is a Republican candidate for that office and an independent candidate for mayor. For the appellees, interested Republican candidates, it is asserted that an unfair advantage will obtain for the Democratic ticket inasmuch as a voter who desires to vote for the independent candidate for mayor, plus all other members of the Republican ticket, will have to manipulate three levers, whereas one who desires to vote for the independent mayoralty candidate plus all other members of the Democratic ticket may do so by only two manipulations of the levers. It would serve no useful purpose to attempt to further outline the mechanical situation with respect to the voting machines. It suffices to say that we have carefully considered the matter and agree with the trial judge as to this phase of the case. We are convinced that the arrangement of the voting machines fairly and reasonably affords an opportunity for each voter to intelligibly cast his vote for the candidates of his choice. The alternative suggested by appellees would, in our view, be more confusing than the method to be used.

The judgment is reversed on the original appeal and affirmed on the cross-appeal.