**RESOLUTE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

Kyle T. Hubbard, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Henri L. Mangeot, Asst. Atty. Gen., Frankfort, Carl C. Ousley, Jr., Asst. Commonwealth's Atty., Louisville, for appellee.

DAVIS, Commissioner.

The appellant is corporate surety on a bail bond of $3,000 executed in the Jefferson Circuit Court pursuant to an order admitting Nancy Joan Millwater to bail on a felony indictment pending there against her. Mrs. Millwater has absconded, and her whereabouts is unknown. In due course the circuit court ordered forfeiture of her bond for her nonappearance and entered judgment against appellant as surety on her bond. Appellant contends that it should be absolved of liability on the bond because the Commonwealth, as obligee, has hindered and prevented its performance of the conditions of the bail bond.

Appellant calls attention to Vaughn v. Commonwealth, Ky., 395 S.W.2d 763, in which we recently recognized that a bail-bond surety may be relieved of liability in some circumstances, expressing the principle:

> "Generally it is only where performance of the conditions of a bail bond has been prevented by an act of God, an act of obligee, or an act of law that the sureties are entitled to relief. 8 Am.Jur.2d, Bail and Recognizance, Section 177, page 879." Id. 395 S.W.2d 765.

The "act of the obligee" upon which appellant deems itself entitled to relief is the lack of cooperation by the office of the Commonwealth's attorney in appellant's efforts to locate Mrs. Millwater. Appellant sought to obtain a photograph of Mrs. Millwater along with a set of her fingerprints and certain descriptive data and background information. Additionally, the appellant asked the Commonwealth's attorney to request the United States District Attorney to initiate prosecution against Mrs. Millwater for unlawful flight to avoid prosecution, but the Commonwealth's attorney declined to request the United States

District Attorney to take that action. It appears that the United States District Attorney will not institute such proceedings without a request from the Commonwealth's attorney.

The appellant concedes that it has no information as to the whereabouts of Mrs. Millwater but contends that if it could enlist the active participation of the Federal Bureau of Investigation, through the unlawful-flight prosecution, Mrs. Millwater could be apprehended and returned to the jurisdiction of the Jefferson Circuit Court for prosecution. Appellant has offered to defray the expense of bringing Mrs. Millwater to Louisville for prosecution.

It is our view that the failure of the Commonwealth's attorney to affirmatively assist appellant is not such an act of the obligee as will vitiate appellant's liability as surety on the bail bond. Rather, we think there must be an affirmative showing of some positive act of hindrance on the part of the obligee before the principle relied on by appellant becomes applicable. The question resolves itself into an exercise of the discretion of the Commonwealth's attorney in the administration of the office to which he has been elected. We are not willing to say that the course of conduct pursued by him in this situation is an unwarranted one, and certainly we do not regard it as such an act of the obligee as would relieve appellant of its obligation on the bail bond.

In addition to Vaughn v. Commonwealth, Ky., 395 S.W.2d 763, appellant relies on Hicks v. Commonwealth, 265 Ky. 123, 95 S.W.2d 1076, and Miller v. Commonwealth, 192 Ky. 709, 234 S.W. 307, but we find nothing in these decisions which supports appellant's contention that the nonaction of the Commonwealth's attorney amounts to an act of the obligee which would afford appellant relief.

The judgment is affirmed.

All concur.