PEOPLE *v.* HAVEY.

APPEAL OF UNITED BONDING INSURANCE COMPANY.

1. BAIL—FORFEITURE OF BOND—JURISDICTION.

Jurisdiction of trial court over foreign insurance corporation, surety on criminal recognizance defaulted for failure of principal to appear *held*, not acquired by service of notice of statutory hearing, motion for summary judgment, affidavit, and order forfeiting bond on agent of the surety in Michigan (CL 1948, § 765.28).

2. SAME—FORFEITED BOND—JURISDICTION OVER FOREIGN INSURANCE COMPANY.

Trial court acquired no jurisdiction over foreign insurance company, surety on forfeited bail bond, where there was no attempt to follow special procedure by delivering, or mailing by registered mail, 2 summonses and copy of complaint to office of commissioner of insurance, a foreign insurance company's agent for receiving service of process (CLS 1961, § 500.46; GCR 1963, 105.4).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Bail and Recognizance § 153.

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted April 4, 1967, at Grand Rapids. (Docket No. 1,276.) Decided November 29, 1967. Leave to appeal granted March 15, 1968. See 380 Mich 761.

Birney T. Havey was charged with armed robbery. United Bonding Insurance Company, an Indiana corporation, became the surety for defendant Havey. On failure of defendant Havey to appear for trial, order by the Superior Court of Grand Rapids forfeiting bond and directing prosecution against defendant United Bonding Insurance Company. Judgment for the people. Defendant appeals. Reversed.

*James K. Miller,* Prosecuting Attorney, and *Norman K. Kravitz,* Assistant Prosecuting Attorney, for the people.

*Goldfarb, Hudnut & Harris,* for defendant United Insurance Company.

R. M. RYAN, J. Defendant, United Bonding Insurance Company (United), is an Indiana corporation licensed to do business in the State of Michigan. It engages in the writing of surety bonds which are usually given to assure the appearance of a defendant in a criminal proceeding. United became the surety of defendant Havey in a criminal proceeding before the superior court for the city of Grand Rapids, and on February 5, 1964, it delivered, through an agent, a surety bond in the sum of $20,000 to the clerk of the superior court.

Defendant Havey failed to appear before the superior court on March 24, 1964, the date set for trial, and the default of recognizance was entered upon the court records and the bond forfeited. An

order estreating was entered on April 3, 1964. The prosecutor moved for summary judgment under CL 1948, § 765.28 (Stat Ann 1954 Rev § 28.915).

The record shows that copies of the notice of hearing, motion for summary judgment, affidavit, and the order forfeiting bond and directing prosecution were served upon one Bert Mitchell, agent of United, at his office in Kalamazoo in an apparent attempt to comply with the statute, *supra,* which provides that notice shall be served upon the surety in person or at his last known place of residence. However, since defendant United is a foreign insurance corporation it is subject to a special statutory provision that as a condition precedent to doing business in this State, it shall appoint the insurance commissioner as its agent for receiving service of process. CLS 1961, § 500.456 (Stat Ann 1957 Rev § 24.1456). GCR 1963, 105.4 explicitly provides that in cases where the defendant is a foreign insurer, two summonses and a copy of the complaint shall be delivered to or mailed to the office of the commissioner of insurance by registered mail. As there was no attempt to comply with those provisions, the lower court acquired no jurisdiction, and its judgment must be set aside.

Reversed.

BURNS, P. J., and HOLBROOK, J., concurred.