## PEOPLE *v.* HAVEY.

### SAME *v.* EGAN.

### APPEAL OF UNITED BONDING INSURANCE COMPANY.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—POWER OF MAGISTRATE.

A magistrate's authority in preliminary examination of one charged with an offense not cognizable by a justice of the peace is limited to binding over to circuit court an accused who waives examination or an accused for whom he has found probable cause to believe guilty of the offense charged, and the setting of a date for the defendant's appearance in the circuit court in the magistrate's return or on the recognizance in no way controls the docket of the circuit court or the actions of the prosecuting attorney in processing cases in the circuit court (CL 1948, § 766.13).

2. BAIL—RECOGNIZANCE—BOND—BREACH OF CONDITIONS.

Breach of the conditions of a recognizance bond conditioned on the appearance of defendant charged with felony on a day

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 442, 443, 446, 447.
[2, 3] 8 Am Jur 2d, Bail and Recognizance §§ 125, 128, 139.
[4] 8 Am Jur 2d, Bail and Recognizance §§ 96, 99.

certain in the circuit court, *held*, to have occurred where the record fails to show that the defendant appeared on the day certain, or that if he did appear he departed from the court with leave of the court.

3. SAME—RECOGNIZANCE BOND—CONDITIONS.

Condition in a recognizance bond that the defendant charged with felony will appear in the circuit court on a day certain and will not depart from the court without leave requires the appearance of the defendant from day to day, or from term to term, until discharged.

4. SAME—RECOGNIZANCE—LIABILITY OF SURETY—TERM OF COURT.

Liability of a surety on a recognizance bond for the appearance in circuit court of one charged with a felony is not terminated by the failure of the court for any reason to hold the term at which the accused is required by the bond or recognizance to appear.

Appeal from Kalamazoo, Fox (Raymond W.) and Van Valkenburg (Wade), JJ. Submitted Division 3 April 2, 1968, at Grand Rapids. (Docket Nos. 1,373, 1,374.) Decided May 29, 1968.

Birney T. Havey and John Egan, charged with felonies, failed to appear in circuit court to answer the charges. On petition of the people, the recognizance bonds on which the United Bonding Insurance Company, an Indiana corporation, was the surety were ordered forfeited, and judgment entered against the surety for the full amount of the bonds. The surety appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Donald A. Burge*, Prosecuting Attorney and *James L. Shonkwiler, Jr.*, Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins*, for United Bonding Insurance Company.

BURNS, P. J.   The United Bonding Insurance Company appeals from judgments entered upon forfeiture of bonds in the now consolidated case of *People* v. *Havey* and *People* v. *Egan.*   The facts of these 2 controversies differ substantially, but the legal principles involved are identical.   Consequently, a statement of facts as to one case provides a sufficient outline for understanding why the other case is disposed of in the same manner.

John Egan was arrested for uttering and publishing[1] and was taken before a municipal judge.   Defendant waived examination and was released after filing a recognizance on which the appellant is surety.   The recognizance required the defendant to appear in circuit court on the first Monday following the date of the return, *i.e.,* January 25, 1965.[2]   The record next shows that the information was filed in circuit court on February 8, 1965.   On February 11, an order forfeiting bail was signed by the circuit judge.   An order to show cause why bond should not be forfeited issued, and after a hearing on that order the judge, by written opinion, found as fact that "the defendant did not appear in court on the 25th and in fact has never been in the circuit court for this county."   The record, however, is silent as to what happened on January 25.   At any rate, appellant's and appellee's briefs agree that the prosecuting attorney did not call the case in circuit court on January 25, and the clerk did not docket the case for that day.   Since there is no dispute on these facts, we will assume the validity of the parties' statements of facts for the sake of argument.   The question thus becomes: Is a surety released from its charge over an accused when the prosecution or

[1] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

[2] Actually the magistrate's return which was attached to the recognizance set forth the above time.   The bond itself apparently erroneously stated the date for appearance as January 22, 1965.

the circuit court does not schedule defendant's arraignment for the time specified in a magistrate's return?

At the outset we hasten to point out that a magistrate's return in no way controls the docket of the circuit court or the actions of the prosecuting attorney in processing cases in circuit court. A magistrate simply does not possess this power. A magistrate's authority is limited to binding over to circuit court the criminally accused who waive examination or who have become implicated in a crime by a finding of probable cause. CL 1948, § 766.13 (Stat Ann 1954 Rev § 28.931).

The relevant conditions of Egan's recognizance were that he appear in court on a day certain (January 25) and that defendant not depart from court without leave. United Bonding had notice of these conditions when its agent affixed his signature to the recognizance. Notwithstanding this notice, the record fails to show that defendant appeared on January 25, or that if he did appear he departed therefrom with leave of the court. On such a record, we have no alternative but to find a breach of the conditions of the recognizance.

The principle in *People* v. *Hanaw* (1895), 106 Mich 421, is applicable to the case at hand. In *Hanaw* the conditions of recognizance were as follows:

"If the said Joseph Gregory doth well and truly appear at the next term of this court, and answer to an information on file against him for burglary, and not depart from said court without leave until discharged by due course of law, then the said recognizance to be null and void."

These conditions were construed "to require the appearance from day to day, or from term to term, until discharged."

In conclusion we subscribe to the following statement from 20 ALR 609:

"Liability of bail is not terminated by the failure of the court, *for any reason,* to hold the term at which the accused is required by the bond or recognizance to appear." (Emphasis supplied.)

Affirmed.

QUINN and ZIEM, JJ., concurred.