PEOPLE v. HAVEY.

APPEAL OF UNITED BONDING INSURANCE COMPANY.

1. Bail—Bond—Failure of Defendant to Appear—Discharge of
   Surety.
     Bail bond posted by a surety remains in full force and effect
     where a defendant fails to appear in answer to criminal charges
     preferred against him unless the bond is discharged by order
     of the court or a condition has occurred which according to the
     terms of the bond discharges the surety.

---

References for Points in Headnotes
[1] 8 Am Jur 2d, Bail and Recognizance § 120 *et seq.*
[2] 8 Am Jur 2d, Bail and Recognizance § 153.
[3] 42 Am Jur, Process § 116.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SERVICE OF PROCESS
   —WAIVER.

 Issue of whether there had been effective service of process on
foreign surety company by reason of service on company's
agent who signed the bond on its behalf rather than service of
2 summonses on insurance commissioner is not passed upon
where it is determined that any defect in service was waived
by participation by attorney claiming to represent the surety
in proceedings to forfeit the bond without having raised the
issue of service (CLS 1961, §§ 500.456, 600.1920; CL 1948
§§ 550.101, 765.28; GCR 1963, 105.4).

3. PROCESS—DEFECTIVE SERVICE—OBJECTION—APPEARANCE—WAIVER.

 Filing a responsive pleading without claiming lack of jurisdiction
is sufficient participation by attorney claiming to represent
defendant surety to waive any defect in service upon the surety
(GCR 1963, 116.1).

Appeal from Court of Appeals, Division 3, Burns,
P. J., Holbrook and R. M. Ryan, JJ., reversing Su-
perior Court of Grand Rapids, Vander Ploeg
(Claude), J. Submitted February 5, 1969. (Cal-
endar No. 8, Docket No. 51,943.) Decided May 5,
1969.

8 Mich App 436, reversed.

United Bonding Insurance Company, an Indiana
corporation, posted surety bond for Birney T.
Havey who was charged with robbery armed. On
failure of Havey to appear for trial the Superior
Court of Grand Rapids ordered bond forfeited and
directed prosecution of United Bonding Insurance
Company. Judgment for the people was appealed
by United Bonding Insurance Company to the Court
of Appeals. Reversed. The people appeal. Re-
versed, and judgment of Superior Court affirmed.

*James K. Miller,* Prosecuting Attorney, and *Van-
der Veen, Freihofer & Cook (George R. Cook* and
*Fred N. Searl,* of counsel), for the people.

*Albert A. Goldfarb (Ronald L. Spector, of counsel), for defendant.*

PER CURIAM.

## 1. THE FACTS AND PROCEEDINGS.

On February 5, 1964, Birney T. Havey was arraigned in police court in the city of Grand Rapids on a charge of armed robbery. He waived examination and was bound over to superior court. Bond was set in the sum of $20,000. The defendant, United Bonding Insurance Company, an Indiana corporation authorized to do business in Michigan (hereinafter referred to as United), executed the bond as surety.

On February 17, 1964, Havey and codefendant, Kenneth Raymond Midling, were arraigned in superior court. Havey, present with counsel, stood mute. A plea of not guilty was entered by the court. On March 3, 1964, the court remanded the cause to police court for preliminary examination, previously waived, and after such examination, Havey and Midling were again bound over to superior court.

On March 24, 1964, the date set for trial, Midling appeared. Havey did not. His bond was forfeited and a bench warrant issued. Order estreating bond was filed April 3, 1964, and on that date the prosecuting attorney filed a motion for summary judgment against United, together with supporting affidavit of the chief assistant prosecutor. A copy of the notice, motion, affidavit, and order estreating bond were served upon Bertram Mitchell, agent for United, who had signed the bond on its behalf.

On April 24, 1964, Clem Block, an attorney at law, filed a motion to dismiss the motion for sum-

mary judgment. By affidavit in support of the
motion, Block swore: (1) that he was attorney for
United, and (2) that there was a question of law
as well as a question of fact as to whether the people
were entitled to summary judgment because the date
for appearance of Havey in superior court was
never set by that court and because that court lost
jurisdiction when it sent the case back to police court
for further proceedings.

No question was raised by Block as to the pro-
priety of the service upon United's agent, Mitchell.
At the hearing on the motion to dismiss, Block stated
in open court that he was representing United be-
cause it was also on Midling's bond, and that he
was representing Havey's bonding company but not
Havey. Following further proceedings in which
United was represented by Block, the superior court
entered a judgment against United on October 5,
1964 of $20,000 in favor of the superior court for
the city of Grand Rapids and the city of Grand
Rapids.

On October 22, 1964, Block appealed for United
to the Court of Appeals. On three occasions, stipu-
lations for extensions of time to perfect the appeal
were signed by him—twice as "attorney for bonding
co.", once as "attorney for defendant and appellant."
On November 9, 1965, the Court of Appeals dis-
missed the appeal. On February 3, 1966, United,
by Goldfarb & Hudnut, attorneys, filed a petition
for leave to file delayed motion for rehearing in the
Court of Appeals. The petition stated that the
petitioner was presently represented by new coun-
sel. On February 11, 1966, the Court of Appeals
granted the petition and gave permission to file de-
layed motion for rehearing. Such motion was
denied on May 25, 1966. On June 14, 1966, United,
through Goldfarb, Hudnut & Harris, filed another

petition for rehearing which was granted on July 5, 1966.

On November 29, 1967, the prosecuting attorney having failed to file a brief within the required time, the Court of Appeals reversed the superior court judgment upon the ground that United was a foreign insurance corporation and that the notice which was served on Mitchell, as agent of the company, should have been served on the insurance commissioner under CLS 1961, § 500.456 (Stat Ann 1957 Rev § 24.1456) and GCR 1963, 105.4. 8 Mich App 436.

The prosecuting attorney's motion for rehearing on the ground that any irregularity in service was waived by United by the filing of pleadings by its attorney in superior court and by taking part in the proceedings throughout was filed on December 18, 1967 and denied January 9, 1968.

We granted leave to appeal on March 15, 1968. 380 Mich 761.

## 2. THE QUESTIONS.

Three questions are presented:

1. Was the bond given by defendant for his appearance in superior court discharged by the remand to police court for preliminary examination?

2. Do the statutes and rules require that notice to a surety, a foreign bonding company, in a proceeding under the criminal code to enter judgment on a defaulted bail bond be served on the insurance commissioner?

3. Was failure to make service on the insurance commissioner, if required, waived by the attorney for the bonding company by his participation by motion and otherwise in the proceedings in the trial court, without objection to the court's jurisdiction?

### 3. THE LAW.

*(a) The Effect of the Remand.*

With reference to question number 1, the condition of the bond reads as follows:

"That if the said respondent shall be and appear personally at the present term of the superior court of Grand Rapids to be held in the city of Grand Rapids on the 10th day of February, 1964, at the court rooms thereof, in said city, then and there to answer to any indictment, complaint or information which may be preferred against him for the offense above mentioned, and to do and receive what shall by said court be then and there enjoined upon him, and shall appear in said court day to day, from time to time and term to term thereafter, as ordered by said court, and shall not depart from said court without leave, then this recognizance to be void, otherwise to remain in full force and virtue."

Havey failed to answer to the information which was preferred against him at the time he was required to do so, he did not appear, and he did depart from the court without leave. The bond was never discharged by order of the court. It remained in full force and effect. It is stated in *People* v. *Dennis* (1857), 4 Mich 609, 617:

"A man's bail are his jailors, and they are bound to have him as much in the power of the court as if he were within its prison walls. Without appearance, or an order of court to that effect, they are never discharged."

See, also, *People* v. *Havey* (1968), 11 Mich App 555; *Dimmers* v. *Hillsdale Circuit Judge* (1939), 289 Mich 482; and *People* v. *Hanaw* (1895), 106 Mich 421. See 8 CJS, Bail, § 79, p 218, for a discussion to the effect that unless the terms of a bond so provide,

even action discontinuing the prosecution will not operate to discharge bail.

### (b) *The Requirement as to Service.*

With reference to question number 2, United relies upon a provision of the insurance code (CLS 1961, § 500.456, Stat Ann 1957 Rev § 24.1456), and the last sentence of PA 1961, No 236, § 1920, the revised judicature act (CLS 1961, § 600.1920, Stat Ann 1962 Rev § 27A.1920), which same provision also appears in GCR 1963, 105.4. The people rely upon CL 1948, § 765.28 (Stat Ann 1954 Rev § 28.915) in the code of criminal procedure.

Neither counsel makes any reference to PA 1895, No 266, as amended, being CL 1948, § 550.101 *et seq.* (Stat Ann § 24.241 *et seq.*). The act deals with surety companies and provides "That such sureties companies shall be accepted as surety on any recognizance for the appearance of persons charged with crime." The act contains provisions for service of process.

We deem our holding with regard to the third question makes it unnecessary to pass upon the issue of service upon United or to determine at this time under which of the above statutes service should have been made.

### (c) *The Question of Waiver by Appearance by Attorney.*

With reference to question number 3, the participation of United by its attorney without objection to the jurisdiction of the superior court to hear the proceeding constituted a waiver of any defect in service. In this case, Block, by filing a responsive pleading and by thereafter participating in the court proceedings, engaged in such conduct as to amount to a waiver of the service of notice. See *Cook Motors Corporation* v. *Casualty Ass'n of America*

(1927), 239 Mich 362; *Gogebic National Bank of Ironwood* v. *Gogebic Circuit Judge* (1930), 250 Mich 160, and *Ward* v. *Hunter Machinery Co.* (1933), 263 Mich 445.

The Court of Appeals is reversed and the judgment of the superior court is affirmed. Costs to appellant.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.