PEOPLE v HARBIN

(IN THE MATTER OF INTERNATIONAL FIDELITY INSURANCE
COMPANY)

Docket No. 77-2072. Submitted October 4, 1978, at Lansing.—Decided
February 5, 1979.

International Fidelity Insurance Company filed a bail bond recog-
nizance assuring the appearance of Walter T. Harbin, a crimi-
nal defendant. The bonding contract provided that the bond
was to continue for one year. Harbin's trial was ultimately set
more than two years later, and Harbin failed to appear. Upon
petition of the people, the Washtenaw Circuit Court, Edward D.
Deake, J., ordered forfeiture of the bond. International appeals,
alleging that its liability on the bond was discharged at the end
of one year by the terms of the contract. *Held:*

A surety is not released on a bail bond contract until the
principal is delivered to the authorities. Therefore, the provi-
sion of the contract which called for the surety's discharge
absent the delivery of the principal was null and void.

Affirmed.

1. BAIL — BONDS — SURETY'S LIABILITY — CONTRACTS.

Applicable law must be considered in determining a surety's
liability on a bail bond contract, although such a contract is to
be narrowly construed.

2. BAIL — BONDS — SURETY'S LIABILITY — DISCHARGE — DELIVERY OF
PRINCIPAL — CONTRACTS.

A surety is not released from liability on a bail bond contract
until the principal is delivered to the authorities; therefore, any
bail bond provision which calls for the surety's discharge ab-
sent delivery of the principal is null and void.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Bail and Recognizance § 96.
[2] 8 Am Jur 2d, Bail and Recognizance §§ 126-128.

Prosecuting Attorney, and *David R. Lady,* Assistant Prosecuting Attorney, for the people.

*Norman L. Zemke* and *Peter J. Lyons,* for International Fidelity Insurance Company.

Before: V. J. Brennan, P.J., and Allen and P. F. O'Connell,* JJ.

V. J. Brennan, P.J. The case at bar presents one pertinent inquiry not heretofore addressed in this state. We must decide the force and effect of a bail bond provision which allows the surety's discharge without delivery of the principal.

The facts giving rise to this appeal are relatively straightforward. On December 14, 1974, International Fidelity Insurance Co., Inc., (hereafter International) filed a bail bond recognizance assuring the appearance of Walter T. Harbin at any and all arraignments, hearings, motions, preliminary examinations and trials (including any adjournments and continuances) in both district and circuit court. The bonding contract further provided that the bond was to remain in full force and effect for "a period of one year".

The trial date which was originally set for October 14, 1975, was changed to March 28, 1977. When Harbin failed to appear for trial a bench warrant was issued for his arrest and the people filed a petition requesting that the bond be declared forfeited.

A hearing was held on the petition and the trial court ordered the forfeiture of the bond. International appeals by right the order of forfeiture.

International argues that its liability, being strictly limited to the terms of the bond, was thus

---

* Circuit judge, sitting on the Court of Appeals by assignment.

discharged when the one-year term expired. We disagree. Although a bail bond contract is to be narrowly construed, applicable state law must also be considered in determining the surety's liability.

In *People v Havey,* 382 Mich 58, 63; 167 NW2d 308 (1969), the Michigan Supreme Court set forth the nature of a bail bond agreement as follows:

" 'A man's bail are his jailors, and they are bound to have him as much in the power of the court as if he were within its prison walls. *Without appearance, or an order of court to that effect, they are never discharged.' "* (Emphasis added.) See, also, *Dimmers v Hillsdale Circuit Judge,* 289 Mich 482; 286 NW 798 (1939), *People v Brow,* 253 Mich 140; 234 NW 117 (1931).

Further, MCL 765.26; MSA 28.913 provides for the surety's release from liability as follows:

"In all criminal cases where any person or persons have entered into any recognizance for the personal appearance of another and such bail and surety shall afterwards desire to be relieved from his responsibility, he may with or without assistance, arrest the accused and deliver him at the jail or to the sheriff of said county."

Accordingly, we find the essence of a bail bond contract to be an assurance of the principal's appearance and the surety is not released on the contract until the principal is delivered to the county authorities.[1] Therefore we hold any bail bond provision which calls for the surety's discharge absent delivery of the principal to be null

---

[1] The appellant has not cited nor have we found any jurisdiction which allows discharge by the terms of the contract without delivery of the principal. We note that a surety may be excused when the principal fails to appear due to "an act of God", "an act of the law" or "an act of the public enemy". *People v Glumb,* 42 Mich App 166, 168; 201 NW2d 282 (1972).

and void. In the present case, since Harbin was not delivered by the surety at the end of the one-year term, the bond was not discharged.

The lower court's order forfeiting International's bond is affirmed.