# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FORFEITURE OF BAIL BOND (PEOPLE V COVINGTON)

THE PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

BLINDA ANN COVINGTON,

       Defendant,

and

LEO'S BAIL BONDS AGENCY COMPANY,

       Surety-Appellant.

UNPUBLISHED
April 28, 2015

No. 320108
Isabella Circuit Court
LC No. 2010-000916-FH

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Appellant, Leo's Bail Bonds Agency Company, appeals as of right the trial court order denying its motion to set aside a judgment of forfeiture and discharge it from its bond undertaking. We affirm the trial court's denial of the motion to set aside the bond forfeiture pursuant to MCL 765.28 and MCL 765.26(2), but remand for the trial court to consider if equitable relief is warranted pursuant to MCL 600.4835.

## I. FACTUAL BACKGROUND

Appellant is a bail bonds agency. It provided a surety bond on behalf of defendant, Blinda Covington, who was charged with uttering and publishing, MCL 750.249, and false pretenses, MCL 750.218(4)(a).

Despite her conviction, Covington did not appear for her sentencing hearing. Consequently, the court issued a warrant for her arrest, and ordered appellant to pay the bond amount. The court eventually entered a judgment against appellant for $12,500. Defendant was

-1-

apprehended, although the parties dispute the precise role appellant played in her apprehension. Subsequently, appellant moved the court to set aside the bond forfeiture. The trial court denied appellant's motion to set aside the judgment of forfeiture and discharge the bond. Appellant now appeals.

## II. MCL 765.26 & MCL 765.28

### A. STANDARD OF REVIEW

We review a trial court's decision regarding setting aside a forfeiture bond for an abuse of discretion. *In re Forfeiture of Surety Bond*, 208 Mich App 369, 375; 529 NW2d 312 (1995). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). We review *de novo* questions of statutory interpretation. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 309; 645 NW2d 34 (2002).

### B. ANALYSIS

The "primary goal" of statutory interpretation "is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011). A statutory provision must be read in the context of the entire act, and "every word or phrase of a statute should be accorded its plain and ordinary meaning." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). When the language is clear and unambiguous, "no further judicial construction is required or permitted, and the statute must be enforced as written." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (quotation marks and citation omitted).

This case involves a defendant who failed to appear at her sentencing hearing and the court's resulting bench warrant and order forfeiting the bond. In such a situation, MCL 765.28 applies, which provides:

> (1) If default is made in any recognizance in a court of record, the default shall be entered on the record by the clerk of the court. After the default is entered, the court shall give each surety immediate notice not to exceed 7 days after the date of the failure to appear. The notice shall be served upon each surety in person or left at the surety's last known business address. Each surety shall be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond. If good cause is not shown for the defendant's failure to appear, the court shall enter judgment against the surety on the recognizance for an amount determined appropriate by the court but not more than the full amount of the bail, or if a surety bond has been posted the full amount of the surety bond. If the amount of a forfeited surety bond is less than the full amount of the bail, the defendant shall continue to be liable to the court for the difference, unless otherwise ordered by the court. Execution shall be awarded and executed upon the judgment in the manner provided for in personal actions.

(2) Except as provided in subsection (3), the court shall set aside the forfeiture and discharge the bail or surety bond within 1 year from the date of forfeiture judgment if the defendant has been apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the person. If the bond or bail is discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the surety.

(3) Subsection (2) does not apply if the defendant was apprehended more than 56 days after the bail or bond was ordered forfeited and judgment entered and the surety did not fully pay the forfeiture judgment within that 56-day period. [MCL 765.28.]

As discernible from the language of MCL 765.28, it expressly applies to this case, where a default has occurred and more than 56 days passed before defendant was apprehended and the surety did not fully pay the bond within that period. MCL 765.28(2) and (3). According to the plain statutory language, appellant would not be entitled to setting aside the bond forfeiture because it did not apprehend defendant within 56 days or fully pay the bond within that period. MCL 765.28(2) and (3). On appeal, appellant does not even attempt to argue that it is entitled to relief pursuant to MCL 765.28(2).

Instead, appellant relies on MCL 765.26 to conclude that the trial court erred in failing to set aside the bond forfeiture. That section provides:

(1) In all criminal cases where a person has entered into any recognizance for the personal appearance of another and such bail and surety afterwards desires to be relieved from responsibility, he or she may, with or without assistance, arrest or detain the accused and deliver him or her to any jail or to the sheriff of any county. In making the arrest or detainment, he or she is entitled to the assistance of any peace officer.

(2) The sheriff or keeper of any jail is authorized to receive the principal and detain him or her in jail until he or she is discharged. Upon delivery of his or her principal at the jail by the surety or his or her agent or any officer, the surety shall be released from the conditions of his or her recognizance.

(3) Whenever the prosecuting attorney of a county is satisfied that a person who has been recognized to appear for trial has absconded, or is about to abscond, and that his or her sureties or either of them have become worthless, or are about to dispose or have disposed of their property for the purpose of evading the payment or the obligation of such bond or recognizance or with intent to defraud their creditors, and that prosecuting attorney makes a satisfactory showing to this effect to the court having jurisdiction of that person, the court or judge shall promptly grant a mittimus to the sheriff or any peace officer of that county, commanding him or her forthwith to arrest the person so recognized and bring him or her before the officer issuing the mittimus and on the return of that mittimus may, after a hearing on the merits, order him or her to be recommitted to

the county jail until such time as he or she gives additional and satisfactory sureties, or is otherwise discharged.

Appellant contends that because it surrendered Covington on or around November 13, 2013, it should be released from all conditions of its recognizance. Appellant highlights the language in subsection (2) that states, "Upon delivery of his or her principal at the jail by the surety or his or her agent or any officer, the surety shall be released from the conditions of his or her recognizance." MCL 765.26(2).

However, MCL 765.26 applies to situations when a surety wishes to be relieved of responsibility for defendant, and it can arrest and deliver defendant in order to be released from its obligations. *In re Forfeiture of Bail Bond*, 496 Mich 320, 331; 852 NW2d 747 (2014). The facts of this case do not involve appellant deciding it no longer wanted to be responsible for defendant. Rather, the events that precipitated the bond forfeiture are that defendant failed to show up at sentencing, thereby causing the court to issue a warrant for her arrest and an order forfeiting bond.

In essence, appellant attempts to evade the 56-day deadline to apprehend defendant in MCL 765.28, by reading the language of MCL 765.26 to allow the surety to arrest and deliver defendant even when a default is in place. This proposed reading of the statute violates the long-standing principle that "in the interpretation of statutes, effect must be given, if possible, to every word, sentence and section and, to that end, the entire act must be read to be an harmonious and consistent enactment as a whole." *Drouillard v Stroh Brewery Co*, 449 Mich 293, 303; 536 NW2d 530 (1995). If appellant was able to set aside the bond forfeiture simply because defendant was apprehended at any point in time, then the language in MCL 765.28(3)—specifically limiting the surety to 56 days in which to secure defendant's apprehension—becomes nugatory. As the Michigan Supreme Court has repeatedly cautioned, we must avoid interpretation of statutes that renders any part surplusage or nugatory. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). Accordingly, the trial court properly found that appellant was not entitled to relief pursuant to MCL 765.26 or MCL 765.28.[1]

## III. MCL 600.4835

### A. STANDARD OF REVIEW

---

[1] Although appellant relies on *Matter of Int'l Fidelity Ins Co*, 88 Mich App 341; 276 NW2d 607 (1979), that case is inapposite. The defendant and the surety in that case entered into a contract that the "bond was to remain in full force and effect for a period of one year." *Id.* at 342. The defendant failed to appear, but the surety argued it was no longer liable because the one year had expired. *Id.* at 342-343. This Court found that the surety was liable because "any bail bond provision which calls for the surety's discharge absent delivery of the principal to be null and void." *Id.* at 343-344. It did not address the issue in this case, and is not binding on us. MCR 7.215(J)(1). Nor does *People v Havey*, 382 Mich 58; 167 NW2d 308 (1969), pertain to the issue before us.

Appellant also asserts that it is entitled to relief pursuant to MCL 600.4835. We review a trial court's decision regarding setting aside a forfeiture bond for an abuse of discretion. *In re Forfeiture of Surety Bond*, 208 Mich App at 375. We review unpreserved issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## B. ANALYSIS

MCL 600.4835 provides:

> The circuit court for the county in which such court was held, or in which such recognizance was taken, may, upon good cause shown, remit any penalty, or any part thereof, upon such terms as appear just and equitable to the court. But this section does not authorize such court to remit any fine imposed by any court upon a conviction for any criminal offense, nor any fine imposed by any court for an actual contempt of such court, or for disobedience of its orders or process.[2]

"Under the statute, a forfeited recognizance bond may be remitted as it appears just and equitable and it is a matter that is within the discretion of the court." *People v Munley*, 175 Mich App 399, 403; 438 NW2d 292 (1989) (quotation marks omitted).

In its written motion, appellant did not raise MCL 600.4835 as a basis for relief. Nevertheless, appellant referenced equitable remitter during the motion hearing and argued that paying the bond only to then bring an independent action for remitter would be a waste of resources. The trial court did not rely on MCL 600.4835 or purport to analyze the statute and equitable factors.

In a similar bond forfeiture case, the appellant ostensibly failed to assert entitlement to relief under MCL 765.28 or MCL 600.4835 adequately. *People v Bray*, 481 Mich 888; 749 NW2d 741 (2008).[3] Although this Court held that the appellant was therefore precluded from seeking relief, the Michigan Supreme Court vacated that opinion and remanded the case for the trial court to consider the motion to set aside the bond forfeiture pursuant to MCL 765.28(2) and MCL 600.4835. *Id.*

In accordance with the Supreme Court's order in *Bray*, we remand for the trial court to consider whether setting aside the bond forfeiture was warranted pursuant to MCL 600.4835. We agree with appellee that the trial court is not obligated to grant relief under MCL 600.4835. *Munley*, 175 Mich App at 403. However, the court must at least consider and weigh relevant equitable considerations under MCL 600.4835. *Bray*, 481 Mich at 888.

## IV. CONCLUSION

---

[2] "For purposes of this statute, the term 'penalty' includes forfeited recognizances." *People v Evans*, 434 Mich 314, 332; 454 NW2d 105 (1990).

[3] See also this Court's opinion, *People v Bray*, unpublished opinion per curiam of the Court of Appeals, issued November 29, 2007 (Docket No. 271042).

The trial court in the instant case considered and correctly rejected the applicability of MCL 765.26 and MCL 765.28. However, in accordance with the Supreme Court's ruling in *Bray*, we vacate the circuit court's order denying appellant's motion to set aside the judgment of forfeiture and remand the case to the trial court for consideration of the motion under MCL 600.4835. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan